# EASTERN DISTRICT COURT OF THE STATE OF NEW YORK

——————————————————————X

DERMONT THOMAS

**JURY TRIAL DEMANDED**

*PLAINTIFF*

-AGAINST- **CV 15 - 3236**  Redacted Complaint

THE CITY OF NEW YORK,
THE DEPARTMENT OF EDUCATION, GINA DIGGLIO,
THE ADMINISTRATION FOR CHILDREN SERVICES,
CATHY CHIOU, CHARMAINE CORT, V GRANT,
KIER MCAULY ESQ, MICHEAL D CARDOZO ESQ,
NEW YORK CITY POLICE DEPARTMENT, JOHN DOE P.O,
JOHN DOE P.O



RECEIVED
JUN 0 3 2015
PRO SE OFFICE

*DEFENDANT(S)*

——————————————————————X

GLEESON, J.

POLLAK, M.J.

TO:  **1)** THE CITY OF NEW YORK          **2)** DEPARTMENT OF EDUCATION
        1 CENTRE STREET 12th FL                52 CHAMBERS STREET
        NEW YORK N.Y. 10007                     NEW YORK, N.Y. 10007

**3)**      A.C.S                    **4)** NEW YORK CITY POLICE DEPARTMENT
150 WILLIAM STREET            100 CHURCH STREET 4th FL
NEW YORK N.Y. 10038            NEW YORK, N.Y. 10007

I, Dermont Thomas the above named plaintiff hereby, deposes, and says, Everything contained in this complaint is true and correct under penalty of perjury.

1. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly existing under and by virtue of the laws of The State of New York.

2. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was a corporation doing business in the State Of New York.

3. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, operated THE ADMINISTRATION FOR CHILDREN SERVICES, as part of and in conjunction with its municipal function.

4. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK maintained THE ADMINISTRATION FOR CHILDREN SERVICES.

5. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, managed THE ADMINISTRATION FOR CHILDREN SERVICES.

6. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, controlled THE ADMINISTRATION FOR CHILDREN SERVICES.

7. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, ITS SERVANTS, AGENTS, and or EMPLOYEES employed CASEWORKERS, SUPERVISOR, and other personnel, to work as representatives of THE CITY OF NEW YORK.

8. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, had a duty to ensure that the actions, activities and behaviors of its said SERVANTS, AGENTS, CASEWORKERS, SUPERVISORS, AND/OR EMPLOYEES conform to certain standards of conduct established by law for the protection of others against unreasonable risk of harm.

9. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, had a duty to ensure that its said SERVANTS, AGENTS, CASEWORKERS, POLICE OFFICERS and/or EMPOYEES conduct themselves in such a manner, so as not intentionally, wantonly and/or negligently resulting in injuries to others, including all the plaintiffs herein.

corporation duly existing under and by virtue of the laws of
The State Of New York.

11. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, was and is a
corporation doing business in The State of New York.

12. That at all times hereinafter mentioned, the defendant, operated
THE ADMINISTRATION FOR CHILDREN SERVICES, as part of and
in conjunction with its municipal function.

13. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, maintained said
agency.

14. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, managed said
agency.

15. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, controlled said
agency.

16. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, its SERVANTS,
AGENTS, FOSTER CARE AGENCY and other personnel,
to work as representatives of THE ADMINISTRATION FOR CHILDREN SERVICES.

17. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, had a duty to
ensure that the actions, activities and behaviors of its said SERVANTS,
AGENTS, CASEWORKERS, FOSTER CARE AGENCY
and/or EMPLOYEES conform to certain standards of conduct established
by law for the protection of others against unreasonable risk of harm.

18. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, had a duty to
ensure that its said SERVANTS, AGENTS, CASEWORKERS, FOSTER CARE AGENY,
and/or EMPLOYEES conduct themselves in such a manner so as not to intentionally,
wantonly and/or negligently resulting in injuries to others,
including the plaintiff herein.

19. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES,
had a duty to monitor and supervising their employees, Agents..

20. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, was a municipal Corporation
duly existing under and by virtue of the laws of New York.

21. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, operated THE DEPARTMENT
OF EDUCATION, as part of and in conjunction with its municipal
function.

22. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, maintained P.S. 196 School and
Gina Digglio.

23. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, managed THE DEPARTMENT
OF EDUCATION and P.S. 196 and Gina Digglio.

24. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, controlled THE Department OF
EDUCATION and P.S. 196 School and Gina Digglio.

25. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUATION, its SERVANTS, AGENTS, and/or
GUIDANCE COUNSELORS, TEACHERS, SCHOOL SAFTEY AGENTS, EMPLOYEES
employed and other personnel, to work as representatives of
THE DEPARTMENT OF EDUCATION.

26. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION, had a duty to ensure that the actions, activities and behaviors of said SERVANTS, AGENTS, GUIDANCE COUNSELORS, TEACHERS, and/or EMPLOYEES conform to certain standards of conduct established by law for protection of others against unreasonable risk of harm.

27. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION, had a duty to ensure that its said SERVANTS, AGENTS, TEACHERS, GUIDANCE COUNSELORS, and/or EMPLOYEES conduct themselves in such a manner so as not to intentionally, wantonly, and/or negligently resulting in injuries to others, including plaintiff herein.

28. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION had a duty to ensure that children were provided an education in a safe and secure facility, free of violent/sexual behaviors, which are against the law.

36. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, was and is a Municipal Corporation duly existing under and by virtue of the laws of The State Of New York.

37. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, was and is a corporation doing business in the State Of New York.

38. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, operated THE NEW YORK CITY POLIE DEPARTMENT, as part of and in conjunction with its municipal function.

39. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, maintained THE NEW YORK CITY POLICE DEPARTMENT.

40. That at all times hereinafter mentioned, the defendant
THE CITY OF NEW YORK, managed THE NEW YORK CITY
POLICE DEPARTMENT.

41. That at all times hereinafter mentioned, the defendant
THE NEW YORK CITY POLICE DEPARTMENT,
controlled THE NEW YORK CITY POLICE DEPARTMENT.

42. That at all times hereinafter mentioned, the defendant
THE NEW YORK CITY POLICE DEPARTMENT, its SERVANTS,
AGENTS, and/or POLICE OFFICIERS, DETECTIVES, EMPLOYEES
employed and other personnel, to work as representatives of
THE NEW YORK CITY POLICE DEPARTMENT.

43. That at all times hereinafter mentioned, the defendant
THE NEW YORK CITY POLICE DEPARTMENT, had a duty to ensure
that their actions, activities and behaviors of its said SERVANTS, AGENTS,
POLICE OFFICERS and/or EMPLOYEES conform to certain standards
of conduct established by law for the protection of others against
unreasonable risk of harm.

44. That at all times hereinafter mentioned, the defendant
THE NEW YORK CITY POLICE DEPARTMENT, had a duty to ensure
that it said SERVANTS, AGENTS, POLICE OFFICERS and/or EMPLOYEES
conduct themselves in such a manner so as not to intentionally,
wantonly and/or negligently resulting in injuries to others,
including the plaintiff herein.

45. That at all times hereinafter mentioned, the defendant
THE CITY OF NEW YORK AND THE ADMINISTRATION FOR
CHILDREN SERVICES, are vacariously liable for the damages
sustained by the plaintiff.

*FACTS GIVING RISE TO THE ACTIONS*

46. On November 12, 2010, Department of Education employee
Gina Digglio, guidance counselor at P.S. 196,
located at 207 Bushwick Avenue, Brooklyn New York 11206
generated a neglect complaint to The Administration For Children Services.

47. Gina Digglio, states in her complaint that    J.B $^{D.+}$    and
.A.B  $D.+$    were late 25 times and absent 4,
and often come to school hungry and smelling of a foul odor.
47.(a) There were allegation that both these children were being neglected due to the
parent having notice of schools concerns.

48. The complaint intake numbers 22978265 - 27190683

49. The complaint was taken by an employee of The Administration for
Children Services, Cathy Chiou operator number # 22978265

50. That on or about November 12, 2010, agents of The Administration
For Children Services Charmain Cort and Ms. Grant presented to the plaintiff(s)
residences, at 7:30 pm located at 204 Bushwick Avenue, Brooklyn N.Y. 11206
apt 5.

51. That on or about November 12, 2010, agent Charmaine Cort (A.C.S)
and Ms. Grant (A.C.S) proceeded to illegally enter the premises of 204 Bushwick
Avenue, Brooklyn N.Y. 11206, apt 5.
51(a) That on or about November 12, 2010, agent Charmaine Cort and Ms Grant
proceeded to illegally search the said premises of 204 Bushwick Avenue,
Brooklyn New York 11206, apt 5.
52.    The actions of these defendant(s) was done without the permission of residents.
53.    The action of these defendant(s) was done without a warrant / court order.

54. That on or about November 12, 2010, agent Charmaine Cort and
Ms. Grant of The Administration for Children Services and Police Officers
(John Doe) (John Doe) from The New York City Police Department proceeded to
remove 5 children from the premises of 204 Bushwick Avenue, Brooklyn N.Y. 11206.

54.(a) J.B        D+
54.(b) A.B        D+
54.(c) K.B        D.+
54.(d) D.B        D.+
54.(e) Z.B        D+

55. That on or about November 12, 2010, agent Charmaine Cort and
Ms. Grant and Police Officers from The New York City Police
Department proceeded to place the 5 children into the custody and care of
The Administration for Children Services.

55.(a) J.B        D+
55.(b) A.B        D+
55.(c) K.B        D.+
55.(d) D.B        D.+
55.(e) Z.B        D.+

56. That on or about November 12, 2010, the plaintiff five children
were subjected to strip search at Bellvue Hospital.

56.(a) J.B        D+
56.(b) A.B        D.+
56.(c) K.B        D.+
56.(d) D.B        D.+
56.(e) Z.B        D.+

57. That on or about November 14, 2010, the plaintiff five children
were placed in the custody and care of foster care agency,
Edwin Gould Services.

57.(a) J.B        D.+
57.(b) A.B        D.+
57.(c) K.B        D.+
57.(d) D.B        D.+
57.(e) Z.B        D.+

58. On November 16, 2010 an Article 10 Proceeding was filed in
The Kings County Family Court against Jodie Benson.

59. That on December 1, 2011 and amended Article 10 petition was filed in
Kings County Family Court against Monte Thomas aka Dermont Thomas.

60. On December 10, 2010 three of the plaintiff children J.B,
A.B , K.B      D.+         were returned to their home by
the order of The Honorable Stewart Weinstein.



62. On December 10, 2010, The Honorable Stewart Weinstein ordered that the Temporary Order of Protection and the Order returning the children back to the care of their parent. Order to be servered in accordance with F.C.A.

63. On December 14, 2010, agent Charmaine Cort came to the home at 204 Bushwick Avenue, Brooklyn N.Y 11206, apt #5.

64. She alleged the plaintiff was in violation of the order dated December 10, 2010 by The Honorable Stewart Weinstein.
64(a) The allegations were that the plaintiff left the three children with their uncle.

65. On December 15, 2010, The Administration for Children Services filed an Order to Show Cause alleging Monte Thomas aka Dermont Thomas and Jodie Benson was in violation of court order dated December 10, 2010.

66. They demanded immediate removal of the three children.

67. On December 16, 2010, The Honorable Susan S. Danoff signed an order granting The Administration for Children Services request for removal of the three children.

67.(a) J.B        D.+
67.(b) A.B        D.+
67.(c) K.B        D.+

68. On December 16, 2010, agent Charmain Cort of The Administration for Children Services and two Police Officers from The New York City Police Department proceeded to remove plaintiff three children.

68.(a) J.B        D.+
68.(b) A.B        D.+
68.(c) K.B        D.+

69. On or about December 16, 2010, The Administration for Children Services placed the plaintiff three children back in the custody and care of The Administration for Children Services and Edwin Gould Services.

69.(a) J.B    D.+
69.(b) A.B    D.+
69.(c) K.B    D.+

70. On December 12, 2011, a female infant named J.B    D.+    was born at Woodhull Hospital to Jodie Benson and Monte Thomas aka Dermont Thomas.

71. On or about December 15, 2011, The Administration for Children Services removed J.B  D.+  from the hospital and placed her in the custody and care of Edwin Gould Services

71.(a) That on or about December 15, 2011, while in the scope of their employement to The Administration for Children Services and while working under the color of the law two agents did remove
D.+  J.B  from Woodhull Hospital and place her in the custody and care of Edwin Gould Services.

72. That on or about December 15, 2011, The Administration for Children Services filed an Article 10 proceeding in The Kings County Family Court against Jodie Benson and Monte Thomas.

73. On July 26, 2012, The Honorable Alan Beckoff ordered the three
D.+ oldest children  J.B, A.B, K.B
back home to the custody and care of their parents Jodie Benson and Monte Thomas aka Dermont Thomas.

74. Under the supervision of The Administration For Children Services.

75. On June 24, 2013, The Honorable Lillan Wan ordered the three youngest children  D.B, Z.B, J.B    D.+
back home to the custody and care of their parents Jodie Benson and Montie Thomas aka Dermont Thomas.

76. Under the supervision of The Administration for Children Services and Edwin Gould Services.

77. While the children were under the custody and care of
The Administration for Children Services,
the parents were subjected to supervise visits with their children.

78. While under the custody and care of The Administration for
Children Services and Edwin Gould Services,
the children were strip search from head to toe.

79. The policy was before going and returning from weekend visits with the
parents the children were search and questioned.

80. That on March 20, 2014, In the Kings County Family Court,
located at 330 Jay Street, Brooklyn N.Y. 11203,
The Honorable Lillan Wan dismissed the petition filed by
The Administration for Children Services on 11/16/10 and 12/1/11 against
Jodie Benson and Monte Thomas aka Dermont Thomas.

## GINA DIGGLIO AND THE DEPARTMENT OF EDUCATION
## FAILED TO FOLLOW DEPARTMENT OF EDUCATION POLICIES.

81. The defendant The Department of Education and Gina Digglio employee,
wantonly, intentionally, maliciously, relentlessly and without cause and
deviated from policies and procedures of The Chancellors Regulations.

82. The defendant The Department of Education and Gina Digglio employee,
wantonly, intentionally, maliciously, relentlessly and without cause and
deviated from policies and procedures of The Student Bill Of Rights.

83. The defendant The Department of Education and Gina Digglio employee,
wantonly, intentionally, maliciously, relentlessly and without cause and
deviated from policies and procedures outlined in The Student Disciplinary
Code of Conduct.

84.    Before a report can be forwarded to A.C.S, P.S. 196 must give notice to the parents that their is an issue, which needs to be addressed. Board of Education policy calls for notice to be made, with proof, return reciept, affidavit of service. Even if the defendant alleges they coukd not reach the parents, Parents live across the street. Parents bring the children to school everyday, and pick them up, so any allegations made that they could not find the parents is fraud.

85.    Gina Digglio and P.S. 196 Deviated from the official policy requirements under Chan. Reg A-412, the principal or the principal designee must report all infractions to the parents. School personnel must ensure the appropiate outreach, intervention and support are provided for all students who exhibit attendance problems manifest themselves as trauncy or patterns of unexcusable absence or educational neglect.

86.    ᵢGina Digglio and P.S. 196 deviated from the policyand pratices of The Board of Education Rules Of Conduct A03, when they failed to have a Positive Behavioral Intervention and Support Confrence.

87.    ᵢGina Digglio and P.S. 196 deviated from the offical policies of The Board of Education, when they failed to follow The Discplinary Code and Student Bill Of Rights, when they forwarded a report to A.C.S, alleging Jocelyn Benson, and Angelea Benson often come to school Poor hygiene and hungry.

88.    Gina Digglio and P.S. 196, is in violation of Policy A-443(1)(a), A06, which requirers the parent to be alerted and a conflict Resolution Confrence, second infraction requires disciplinary action.

89.    Gina Digglio and P.S. 196 deviated from Chancellor Reg A443(1)(b)(1) requiring a principal or Guidance Confrence with the parents.

90.    Gina Digglio and P.S. 196, deviated from Board of Education policy, Chancellors Reg A443(1)(b)(3), which states the principal should notify the parents by letter, that he or she should attend the Guidance Confrence.

91.    ᵢGina Digglio and P.S. 196 deviated from the policy and pratices of The Board Of Education, and Chancellors Reg A-820, State Educational Law/ Federal Law, Federal Reg 34 C.F.R part 99.

92.   Gina Digglio and P.S. 196 wantonly, intentionally, maliciously, and without cause, deviated from policy and procedure of the Chancellors Regulations, and the Student discplinary Code, and the agreement outlined in the Student Bill of Rights. This was the direct cause of the plaintiff(s) sustaining injuries.

## INFRACTIONS

93.   School officials must consult the Discipline Code when determining which discplinary measure to impose. In addition to consulting the Discipline Code, prior to determining the appropiate disciplinary and/or intervention measure, the following must be considered: Student age, maturity, and previous disciplinary record (including the nature of the prior misconduct, the number of prior instances of misconduct, and the disciplinary measure imposed for each); the circumstances surrounding the incident leading to the discipline; and the student's I.E.P, B.I.P and 504 Accommodation Plan, If applicable. Every reasonable effort should be made to correct student misbehavior through guidance interventions and other school-based resources and the least severe disciplinary responses. Appropriate disciplinary responses should emphasize prevention and effective intervention, prevent disruption to student education, and promote the developement of a positive school culture.

## ATTENDANCE POLICY

94    School personnel must ensure that the appropriate outreach, intervention and support are provided for students who exhibit attendance problems that manifest themselves as truancy or patterns of unexcused absence or educational neglect. In cases of truancy, school personnel must meet with the student and parent in order to determine an appriate course of action which should include, but not limited to: guidance intervention, referral for counseling, referral to after-school programs.

95.    Gina Digglio and The Department Of Education failed to follow
Department Of Education policy 4(a)(1)(a).

96.    Gina Digglio and The Department Of Education failed to follow
Department Of Eduation policy A-210 3(f)

97.    . The Administration For Children Services and The City Of New York,
Department Of Education failed to assess if the complaint made by
Gina Digglio met the statuatory agency guidelines.
Was the caller credibility credibale, they failed to establish if the children
well being was immediate at risk of danger.
Does the allegations and circumstances indicate that the childrens basic
needs were not being met. If their was any harm or threat of harm that would
result. Also have the caregivers failed to provide the children with needed
care for physical injury, acute illness, physical or disability,
or chronic condition. This decesion is based on agency policy and State Law.

98.    The defendants, The Department Of Education, Gina Digglio,
The Administration For Children Services and Cathy Chieu, Charmaine Cort
failed to review the facts and cirumstances pertaining to the children latness,
or hygiene and well being. The facts pertainig to the allegations of the children
being hungry in school, or smelling of a foul odor.

99.    Cathy Chieu and The Administration For Children Services failed to
review or investigate even if the school gave the plaintiff or other parent
notice of the issue pertaining to the complaint filed.

100.    . The information recieved from Gina Digglio and The Department
Of Education, which was forwarded to The Administration For Children
Services was difective.

# FAMILY COURT ACT 217

101.   *An Order shall be in writing and signed with the judges signature or initials by the judge who made it. The form of such order shall be promulgated by the Chief Administration of the courts pursuant to section Two Hundred Fourteen of this Article. The original of an order of the Family court in the county in which The Family Court making the order is located.*

*The court shall file or direct the filing of an order within twenty days of the decesion of the court, If the court directs that such order be settled on notice, such twenty day period shall commence on the date on which such order is settled. The court shall direct service of a copy of an order in whatever manner it deems appropiate.*

*If the court makes no direction, The applicable provision of the C.P.L.R shall apply.*

*When the clerk of the court is directed to serve such order, the clerk shall note in the court order the manner and date of service and person to whom such order was served.*

102.   *. Even if the Defendant(s) claimed the court did not direct them to effectuate Service of the order* 103. *Defendant(s) have still failed to comply with service under the C.P.L.R.*

## *C.P.L.R. 2103(b)(e)*

104. *C.P.L.R 2103(b) requires that interlocutory papers, and orders of the court be served on the attorney rather than the parties, Hence as soon as it is perceived that a party is appearing by attorney.*

105. *C.P.L.R 2103(e) Does not leave any guessing, it requires that each paper served "On every other party who has appeared".*

*Thus, attorney must make it there pratice to draw up papers in sufficient copies to enable one to be served on each of the other parties to the action,*

*No matter whose side they are on, and without regard to any notions about who is or isn't interested in the particular paper.*

*All the parties will make judgment for themselves.*

*The aim of C.P.L.R 2103(e) is to keep all parties posted of all steps taken in the action. It imposes an important and pervasive requirement:*

*All parties who have appeared in the acion must be served with copies of all interlocutory papers. A party who has appeared is entitle to be kept abreast of all developements, In the litigation regardless of whether they concern him directly, the court may by order, dispense with requirements the appropicte circumstance.*

## C.P.L.R 2102

106.    *To the extent that copies of a party papers must be filed with the court, C.P.L.R 2102, Court rules invariably insist that such papers, as a prerequiste to Filing, be accompanied by an affidavit that copies has been served on all parties who appeared. The Defendant(s) have not even filed an affidavit of service anywhere in their Order to show Cause, or their Affirmation nor with the court. To this day the Defendant(s) still have not served the plaintiff or his attorney with a copy of the order*

## THE LAW DICTATES THAT THE ORDERS IS DIFECTIVE

107.    *The Defendant(s) total failure to effectuate proper service of the order upon all parties to the action as required by law F.A.C 217 and the C.P.L.R 2103(b),(e), 6313(b). Made the order difective and unenforceable.*

*109. This is confirmed, and verified by their incompetence in failing to file an "Affidavit of Service" attestting to service of the order as required by C.P.L.R 6314, 2101(f).*

108.    *These two defects, which goes straight to the jurisdiction of the Courts power to enforce the order, an does not allow the court to use it's executive powers to enforce the order.    109. Defendant(s) order to show cause was actually filed prematurally and should have been denied, and mark moot, according to the law.*

110.    • *Defendant(s) humilated the plaintiff by adding the plaintiff good name to a Central registry for indiviuals who abuse children, or provide negligent care.*

111.    *This action, which damaged the plaintiff reputation,*

112.    *Defendant(s) knew or should have known the plaintiff never recieved a copy of the Temporary Order of Protection, dated December 10, 2010 order by the Honorable Stewart Weinstein.*

113.    *. Defendant(s) knew or should have known that their misrepresentation to the courts that all parties have been notified of the order, and that the alleged order was violated, goes against the official customs and policies of The City of New York, and The Administration of Children Services.*

114.    *Defendant(s) actions deviated from the uniform rules of the court, By failing to serve the order after being directed by the court. By failing to file an affidavit of service attesting to who, where, when the order was served.*

115.    *Defendant(s) knew or should have known that the illegal seizure of the plaintiff children and the prosecution of the plaintiff thereafter violated the plaintiff rights secured to him by the constitution under 42 U.S.C. 1983.*

116.   That on November 12, 2010, the plaintiff(s), Dermont Thomas,
J.B, A.B, K.B, D.B, Z.B,  D.+
                                          , were present at the premises of
204 Bushwick Avenue, Brooklyn New York 11206, apt 5.

117.   When agent Charmaine Court, an another A.C.S worker, illegally entered
the premises of 204 Bushwick Avenue, Brooklyn New York, apt 5,

118.   without the permission of the homeowner, or probale cause.

119.   On November 12, 2010, a certain A.C.S worker, Police officer of the
defendant, The City Of New York, were present at the premises located at
204 Bushwick Avenue, Brooklyn N.Y 11206, County Of Kings,
City and State of New York.

120.   That on the 12th day of November 2010, a certain A.C.S agents,
and Police  officers of the New York City Police Department, of the defendant,
The City Of New York, were present at the premises located at
204 Bushwick Avenue, Brooklyn N.Y 11206 apt 5, County Of Kings, City and
State of New york, in the course and scope of their employment.

121.   That on the 12th day of November 2010, a certain A.C.S agents,
and/or police officers of The New York City Police Department of the
defendant, The City Of New York, were present at the premises located at
204 Bushwick Avenue, Brooklyn N.Y. 11206. State Of New York,
County of Kings, while in course and scope of their employment as
Police Officers and A.C.S agents.

122.   That on the 12th day of November 2010, the plaintiff(s),
Children  J.B. A.B, K.B, D.B, Z.B   D.+
                        were forceable, and against their will, were removed from their
home located at the premises of 204 Bushwick Avenue, Brooklyn N.Y 11206
apt #5, 123. placed them in the care of The Administration of Children

Services.

124.   This was done in violation of their Constitutional Rights protected under
       the 4th Amendment.        125..   no probale cause for these indiviuals to
       enter the premises.              126.   no permission to enter the premises.
127.   Defendant(s) deviated from the offical policy of The City Of New York,
       and The Administration of Children Services.

128.   That on the 12th day of 2010, the plaintiff Dermont Thomas
       Constitutional Rights were violated without any contribution on the part
       of the plaintifi 129. without probale cause.        130.   illegally entered
       the premises of 204 Bushwick Avenue, Brooklyn N.Y. 11206 apt #5.
131.   illegally seized the plaintiff 6 children and placed them in the care of
       i he Administration Of Children Service: 132.   actions of these defendant(s)
       deviated from the laws of the State Of New York, and the offical policies
       of The City Of New York, and The Administration Of Children Services.

133.   That on the 12th day of November 2010,
       J.B, A.B, K.B, D.B, Z:B    D.+
                              ,were forcefully removed from their parent(s) and home.
134.   and placed in a police car and escorted to Bellvue Hospital.
135.   The children were strip searched from head to toe, private parts included.
136.   This was in violation of the childrens 4th Amendment Rights.
137.   and basically amounts to sexual abuse, an illegal search.

138.   That on the 12th day of 2010,
       J.B, A.B, K.B, D.B, Z.B.    D.+
       was wantonly, intentionally, malicously, relentlessly, illegally,    without
       warrant or due cause, and forcefully seized and removed the children from
       the premises of 204 Bushwick Avenue, Brooklyn N.Y. 11206 apt #5,
       County of Kings, and The State Of New York.

139.   That on the 12th day of November 2010
       J.B, A.B, K.B, D.B, Z.B    D.+
                  was intentionally, maliciously, relentlessly and illegally
       and without warrant or due cause and placed them in the custody and care
       of The Administration Of Children Services and The City Of New York

140. That by reason of the foregoing, the plaintiff Dermont Thomas was caused to suffer injuries and sustained damages that he would not have sustained if not for the conduct of the Defendant(s).

141. That on December 10, 2010, The Honorable Stewart Weinstein signed an order returning the plaintiff three children to the care of their parents Jodie Benson and Dermont Thomas at the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt#5:

141.(a) J.B    D.T
141.(b) A.B    D+
141.(c) K.B    D.+

142. That on 15th day of December 2010 the plaintiff civil rights were violated when his three children were forcefully removed and illegally seized from the premises of 204 Bushwick Avenue, Brooklyn N.Y 11206 apt #5:

142.(a) J.B    D.+
142.(b) A.B    D+
143.(c) K.B    D+

143. This action was performed while defendant(s) The Administration For Children Services and The New York City Police Department were working under the color of the law.

The actions of The Administration For Children Services and The New York City Police Department was done with deliberate indifference to the offical policies of The Constitution.

144. That on the 15th day of December 2010, a certain police officers, A.C.S agent, of the defendent(s), while in the course of their employment to the defendant(s) were present at the premises located at 204 Bushwick Avenue, Brooklyn N.Y 11206 apt #5.

145. That on the 15th day of December 2010, the plaintiff three children were wantonly, intentionally, maliciously, relentlessly, illegally searched and seized from the location of 204 Bushwick Avenue, Brooklyn, New York 11206 apt #5:

145.(a) J.B          D.+
145.(b) A.B          D+
145.(c) K.B          D.+

146. That on the 15th day of December 2010, The Administration for Children Services alleged that the plaintiff violated a court order signed by The Honorable Stewart Weinstein dated 12/10/10.

147. Defendant The Administration for Children Services failed to serve and file the Temporary Order of Protection and the Order signed by The Honorable Stewart Weinstein on December 10, 2010.

148. That on the 15th day 2010, The Administration for Children Services and The New York City Police Department illegally searched and seized the plaintiff three children and placed them in the custody and care of The Administration for Children Services and fostercare agency Edwin Gould Services:

148.(a) J.B          D+
148.(b) A.B          D+
148.(c) K.B          D.+

149. Plaintiff Dermont Thomas was not in court for 1028 Hearing held on December 10, 2010.

150. Plaintiff was never served with a copy of the Temporary Order of Protection or Court Order dated 12/10/10 until 2011.

151. The plaintiff was deprived his Constitutional Rights to have no government intrusion, while parents are rearing their children.

152. The plaintiff Due Process Rights were violated when The Defendant(s)

The City of New York and The Administration For Children Services failed to follow the Courts Order which required the order to be served on all parties.

153. The defendant  The City of New York deviated from the their own policies and procedures when they filed a motion to remove the three children after falsely alleging plaintiff violated court order dated 12/10/10.

154. The defendant The Administration for Children Services deviated from their own policies and procedures when they filed a motion to remove the three children after fasely alleging plaintiff violated court order dated 12/10/10.

155. The defendant The City of New York deviated from the policies of The Constitutions Fourth Amendment when they illegally enter the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt 5.

156. The defendant The City of New York deviated from the policies of The Constitutions Fourth Amendment when they illegally searched the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt #5.

157. The defendant The Administration For Children Services deviated from The  Constitutions Fourth Amendment when they illegally entered the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt 5.

158. The defendant The Administration For Children Serviced deviated from The Constitutions Fourth Amendment when they illegally search the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt #5.

159. The defendant The New York City Police Department deviated from The Constitutions Fourth Amendment when they illegally entered the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt #5.

160. The defendant The New York City Police Department deviated from The Constitutions Fourth Amedment when they illegally search the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt #5.

161. The defendant The New York City Police Department deviated from their own policies and procedures when they entered and searched the premises of 204 Bushwick Avenue, Brooklyn New York 11206 apt #5.

162) Gina Digglio and The Department Of Education had a duty to supervise the conduct of children on school grounds.

163) Gina Digglio and The Department Of Education had a duty to utilize the care which a person of ordinary prudence charged with comparable duties, would excercise under the same circumstances.

164) The wrongful acts of Gina Digglio occurred within the scope of her employee employment to The Department Of Education.

165) Gina Digglio and The Department Of Education had a duty to maintain and supervise, maintain discpline and protect students against harm from aggressive, reckless or intentional misconduct.

166) Gina Digglio and The Department Of Education failed to prevent injuries sustained by the intentional or reckless conduct of the victim or a fellow student may constitute negligence.

167) The Department Of Education failed to adequately train its employee Gina Digglio regarding Student Bill Of Rights, Chancellors Regulations, Student Code Of Conduct.

168) The Department Of Education failed to adequately train its employee Gina Digglio regarding parents Due Process Rights guaranteed to them by the Constitution.

Kier MCauly Esq and Micheal D Cardozo Esq.
169) THE ADMINISTRATION FOR CHILDREN SERVICES, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, violated the plaintiff rights of a man to retreat into his own home and there to be free from government intrusion.

170) It is well established that physical entry into the home is the chief evil against, which the 4th Amendmentis directed. At the very core is the 4th Amendment and the personal rights secured.

171) The 4th Amendment prohibition of unreasonable searches and establishes the cardinal principle that are per se unreasonable under the 4th Amendment.

172) Warrantless searches are only permissable under the well defined exceptions of consent to search.

173) It was an invasion of the plaintiffs personal rights by
The Administration For Children Services, Cathy Chieu,
Charmaine Court and The City Of New York.
The caseworkers had a duty to make an effort to corroborate the guidance
counselor Gina Digglio complaint by discrete inquiry of the faculty members
who had frequent contact with the kids. More importantly, it appears that
additional information could have been obtained quite easily and without
creating any appreciable embarrassment for the children and the parents.

174) The City Of New York and The Administration For Children Services
failed to adequately train its employee Cathy Chieu regarding parents
rights to Due Process.

175) The City Of New York and The Administration For Children Services failed
adequately to train its employee Cathy Chieu regarding Administration For
Children Services policies and procedures of investigating complaints.

176) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmaine Cort regarding parents
Constitutional Rights to privacy.

177) The Administration For Children Services, Charmain Cort and
The New York City Police Department, John Doe and The City Of New York
while working under the color of the law did remove plaintiff
Dermont Thomas (5) children in violation of 4th Amendment.

178) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmaine Cort regarding parents
Constitutional Rights to be free of Unreasonable Searches and Seizures.

179) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmain Cort regarding parents rights to
Due Process Of the Law.

180) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmaine Cort regarding The Administration
For Children Services policies and procedures regarding removal of children.

181) The City Of New York and The Administration For Children Services failed to adequately train and supervise its employee, Charmain Cort and V. Grant regarding agency policies and procedures of The Constitution.

182) The City of New York and The New York City Police Department failed to train its employee's John Doe P.O and John Doe P.O in regards to observing `suspects Constitutional Rights, specifically the 4th and 14th Amendments.

183) The City of New York and The Administration for Children Services failed to train/monitore and supervise the actions of their employee's Kier MCauly Esq, Micheal D Cardozo Esq in regards to following:

  A) Court orders and directives.

B) Observing respondents Constitutional rights/ State and Federal laws.

184) The City of New York and The Administration for Children Services and Kier MCauly Esq, Micheal D Cardozo Esq knew or should have known that the plaintiff Constitutional rights were violated, and continued to be violated while the illegal Article 10 proceeding was being conducted in Kings County Family Court.

185) The City of New York and The Administration for Children Services, Kier MCauly Esq, Micheal D Cardozo Esq failed to train and supervise/monitore their employee's actions that they do not use trickery or fabricated evidence. But follow Administration for Children Services policy and procedures implied by their employment as child protective services agent, while investigating alleged child abuse allegations.

A) Charmaine Cort.

B) V. Grant.

186) After agent Charmain Cort and V. Grant illegally enter the plaintiff home and called the police. Then after the police arrived agent Charmaine Cort threatened the plaintiff wife and said" If she did not sign the paper she would not get her children back when they went to court.

187) The City of New York and The Administration for Children Services, Kier MCauly Esq, Micheal Cardozo Esq, failed to afford the plaintiff a pre-derivation hearing before removing plaintiff children.

A)  J,B
B)  A.B
C)  K.B
D)  D.B
E)  Z,B

188) The City of New York and The Administration for Children Services and Kier MCauly Esq, Micheal D Cardozo Esq, violated plaintiff procedural Due Process Rights, depriving plaintiff of a protected liberty interest without following Constitutional adequate procedures.

189) Parents have a Constitutionally protected liberty interest in the custody of their children. A hearing is that what the 14th Amendment "requires before the State may deprive a parent of custody of his children.
Especially when the Child Protective agent/ Agency has time to seek a court order prior to removal.

## EXHIBITS

A)    Notice of Claim.

B)    Petition.

C )    The Honorable Stewart Weinstein T.R.O/ Order of the Court/Judges notes.

D)    Affirmation/Order to Show Cause/ Susan S Danoff removal Order.

E)    Order of The Court releasing   J.B, A.B, K.B -        D.T
                        .. back to the custody and care of their parents.

F)    Order of The Court releasing  V.B, Z.B, J.B    D.T
                        ( back to the custody and care of their parents.

G)    Dismissal Order of the Court.


191. The City of New York and The Department of Education failed to
adequately train and supervise/monitore the actions of Gina Digglo in
Department Of Education policies and procedures, Chancellors Regulations,
Student Bill of Rights, The Student Disciplinary Code Of Conduct,
The City Of New York State/Federal laws.

192. The City Of New York and The New York City Police Department
failed to adequately train and supervise/monitore the actions of theses two
( John Doe P.O ), ( John Doe P.O ) followed The New York City Police
Department policies an procedures, The City Of New York State/Federal laws

193. The City Of New York and The Administration For Children Services
failed to adequately train and supervise/monitore the actions of Kier MCauly ,Micheal D Cardozo,
Charmaine Cort, V. Grant and Cathy Chiou in the policies and procedures
of The Administration For Children Services and The City Of New York State/Federal
laws.

194. That the foregoing occurences and resulting injuries and damages to the
plaintiff were caused soley by reason of the carelessness, negligence,
emotional distress, abuse of process. Defendant(s) failing to supervise/monitore
their employees, Constitutional Rights violations and wrongful actions on the
part of the Defendant(s), without any provocation or negligence,
on the part of the plaintiff contributing thereto.

195. If not for the actions of The City Of New York and The Administration
For Children Services, The New York City Police Department, Kier MCauly , Micheal D Cardozo ,
The Department Of Education, Charmaine Cort, V Grant, Cathy Chiou,
Gina Digglio,( John Doe P.O ),( John Doe P.O ) the plaintiff
Dermont Thomas or his family would not have sustained any injuries
or damages.

196.          **The 4th Amendment to the Constitution.**

        The right of the people to be secure in their persons, house,
papers, and effects, against unreasonable searches and seizures,
shall not be violated and no warrants shall issue, but upon probale cause,
supported by oath or affirmation, and particularly describing the place to
be searched, and the persos or things.


197.          **The 14th Amendment to the Constitution.**

        All persons born or naturalized in the United States and subjects to
Jurisdiction thereof, are citizens of The United States and or the State wherein
they reside, no State shall make or enforce any laws which shall abridge the
priviledges or immunities of citizens of The United States, nor shall any state
deprive any person life, liberty, or property, without Due Process of law,
nor deny to any person within it's Jurisdiction the equal protections of the law.

198.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


199.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


200.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


201.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


202.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


203.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


204.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


205.                    42 U.S.C 1983

Plaintiff incorporation lines 1 through 197 as fully set forth Herein.

206.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


207.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


208.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


209.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


210.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


211.                    42 U.S.C 1983

Plaintiff incorporates lines 1 through 197 as fully set forth Herein.


Plaintiff Dermont Thomas preys for a judgement in the
amount of 100, 000, 000 Million Dollars in damages and 6, 000, 000
Million Dollars in punitive damages.

Dermont Thomas

State of New York, County of New York
        Sworn to before me,
This 09 day of MAY 20 15
Marcita A. Cedeno Commissioner of Deeds
State of New York #4-7095
Qualified in New York County
Commission Expires on 10/01/15

Exhibit A

**FROM**    **Dermont Thomas**
            **204 Bushwick Avenue #5**
            **Brooklyn, New York 11206**


## NOTICE OF CLAIMS

2011P101921

## EASTERN DISTRICT COURT OF THE STATE OF NEW YORK

═══════════════════════════════════X

DERMONT THOMAS,  and on behalf of

J.B , A.B, K.B, D.B. Z.B, J.B

                                    **PLAINTIFF(S)**

*6 Children under the age of 18 teen*

        -AGAINST-

THE CITY OF NEW YORK,
THE DEPARTMENT OF EDUCATION, GINA DIGGLIO,
THE ADMINISTRATION FOR CHILDREN SERVICES,
CATHY CHIOU, CHARMAINE CORT, EDWIN GOULD SERVICES,
SYDIA DACRES, MELVINA WEEMS, SANDRA FEBO,
NEW YORK CITY POLICE DEPARTMENT, JOHN DOE

                                    **DEFENDANT(S)**

═══════════════════════════════════X

1

**TO:** **1)** THE CITY OF NEW YORK   **2)** DEPARTMENT OF EDUCATION
1 CENTRE STREET   12th FL        52 CHAMBERS STREET
NEW YORK N.Y. 10007             NEW YORK, N.Y. 10007

**3)**   A.C.S        **4)** NEW YORK CITY POLICE DEPARTMENT
150 WILLIAM STREET          100 CHURCH STREET 4th FL
NEW YORK N.Y. 10038          NEW YORK, N.Y. 10007

**5)** EDWIN GOULD SERVICES
151 LAWRENCE STREET 5th FL
BROOKLYN NEW YORK 11203

1. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was an is a municipal corporation duly existing under and by virtue of the laws of The State Of New York.

2. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was a corporation doing business in the State Of New York.

3.That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, operated THE ADMINISTRATION FOR CHILDREN SERVICES, as part of and in conjunction with its municipal function.

4. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK maintained THE ADMINISTRATION FOR CHILDREN SERVICES.

5. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, managed THE ADMINISTRATION FOR CHILDREN SERVICES.

6. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, controlled THE ADMINISTRATION FOR CHILDREN SERVICES.

7. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, ITS SERVANTS, AGENTS, and or EMPLOYEES employed CASEWORKERS, SUPERVISOR, and other personnel, to work as representatives of THE CITY OF NEW YORK.

2

8. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, had a duty to ensure that the actions, activities and behaviors of its said SERVANTS, AGENTS, CASEWORKERS, SUPERVISORS, AND/OR EMPLOYEES confrm to certain standards of conduct established by law for the protection of others against unreasonable risk of harm.

9.That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, had a duty to ensure that its said SERVANTS, AGENTS, CASEWORKERS, POLICE OFFICERS and/or EMPOYEES conduct themselves in such a manner, so as not intentionally, wantonly and/or negligently resulting in injuries to others, including all the plaintiffs herein.

10. That at all times hereinafter mentioned, the defendant, THE ADMINISTRATION FOR CHILDREN SERVICES, was and is a corporation duly exsisting under and by virtue of the laws of The State Of New York.

11. That at all times hereinafter mentioned, the defendant, THE ADMINISTRATION FOR CHILDREN SERVICES, was and is a corporation doing business in The State of New York.

12. That at all times hereinafter mentioned, the defendant, operated THE ADMINISTRATION FOR CHILDREN SERVICES, as part of and in conjunction with its municipal function.

13. That at all times hereinafter mentioned, the defendant, THE ADMINISTRATION FOR CHILDREN SERVICES, maintained said agency.

14. That at all times hereinafter mentioned, the defendant, THE ADMINISTRATION FOR CHILDREN SERVICES, managed said agency.

15. That at all times hereinafter mentioned, the defendant, THE ADMINISTRATION FOR CHILDREN SERVICES, controlled said agency.

16. That at all times hereinafter mentioned, the defendant,

3

THE ADMINISTRATION FOR CHILDREN SERVICES, its SERVANTS,
AGENTS, FOSTER CARE AGENCY and other personnel,
to work as representitives of THE ADMINISTRATION FOR CHILDREN
SERVICES.

17. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, had a duty to
ensure that the actions, activities and behaviors of its said SERVANTS,
AGENTS, CASEWORKERS, FOSTER CARE AGENCY
and/or EMPLOYEES conform to certain standards of conduct established
by law for the protection of others against unreasonable risk of harm.

18. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES, had a duty to
ensure that its said SERVANTS, AGENTS, CASEWORKERS, FOSTER CARE
AGENY, and/or EMPLOYEES conduct themselves in such a manner so as not to
intentionally, wantonly and/or negligently resulting in injuries to others,
including the plaintiff(s) herein.

19. That at all times hereinafter mentioned, the defendant,
THE ADMINISTRATION FOR CHILDREN SERVICES,
had a duty to monitor and supervising EDWIN GOULD SERVICES
in providing care for the under age plaintiff(s) herein.

20. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, was a municipal Corporation
duly existing under and by virtue of the laws of New York.

21. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, operated THE DEPARTMENT
OF EDUCATION, as part of and in conjunction with its municipal
function.

22. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, maintained THE DEPARTMENT
OF EDUCATION.

23. That at all times hereinafter mentioned, the defendant,
THE DEPARTMENT OF EDUCATION, managed THE DEPARTMENT
OF EDUCATION.

24. That at all times hereinafter mentioned, the defendant,

4

THE DEPARTMENT OF EDUCATION, controlled THE BOARD OF EDUCATION.

25. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUATION, its SERVANTS, AGENTS, and/or GUIDANCE COUNSELORS, TEACHERS, SCHOOL SAFTEY AGENTS, EMPLOYEES employed and other personnel, to work as representitives of THE DEPARTMENT OF EDUCATION.

26. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION, had a duty to ensure that the actions, activities and behaviors of said SERVANTS, AGENTS, GUIDANCE COUNSELORS, TEACHERS, and/or EMPLOYEES conform to certain standards of conduct established by law for protection of others against unreasonable risk of harm.

27. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION, had a duty to ensure that its said SERVANTS, AGENTS, TEACHERS, GUIDANCE COUNSELORS, and/or EMPLOYEES conduct themselves in such a manner so as not to intentionally, wantonly, and/or negligently resulting in injuries to others, including plaintiff(s) herein.

28. That at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION had a duty to ensure that children were provided an education in a safe and secure facility, free of violent/sexual behaviors, which are against the law.

29. That at all times hereinafter mentioned, the defendant, EDWIN GOULD SERVICES, was and is a foster care agency duly exsiting under and by virtue of the lawsof The State of New York.

30. That at all times hereinafter mentioned, the defendant, EDWIN GOULD SERVICE, operated the foster care agency in conjunction with its everyday operation.

31. That at all times hereinafter mentioned, the defendant,

5

EDWIN GOULD SERVICES, maintained said foster care agency.

32. That at all times hereinafter mentioned, the defendant, EDWIN GOULD SERVICES, controlled said foster care agency.

33. That at all times hereinafter mentioned, the defendant, EDWIN GOULD SERVICES, its SERVANTS, AGENTS, and/or EMPLOYEES employed, CASEWORKERS, SUPERVISORS, THERAPIST, NURSES, DIRECTOR and other personnel, to work as representatives of EDWIN GOULD SERVICES.

34. That at all times hereinafter mentioned, the defendant, EDWIN GOULD SERVICES, had a duty to ensure that the actions, activities and behaviors of its said SERVANTS, AGENTS, CASEWORKER, SOCIALWORKERS, and/or EMPLOYEES conform to certain standards of conduct established by law for protectionof others against unreasonable risk of harm.

35. That at all times hereinafter mentioned, the defendant EDWIN GOULD SERVICES, had a duty to ensure that it said SERVANTS, AGENTS, CASEWORKERS, SOCIALWORKER, and/or EMPLOYEES conduct themselves in such a manner as to not intentionally, wantonly and/or negligently resulting in injuries to others including plaintiff(s) herein.

36. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation duly existing under and by virtue of the laws of The State Of New York.

37. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, was and is a corporation doing business in the State Of New York.

38. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, operated THE NEW YORK CITY POLIE DEPARTMENT, as part of and in

6

conjunction with its municipal function.

39. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, maintained THE NEW YORK CITY POLICE DEPARTMENT.

40. That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, managed THE NEW YORK CITY POLICE DEPARTMENT.

41. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, controlled THE NEW YORK CITY POLICE DEPARTMENT.

42. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, its SERVANTS, AGENTS, and/or POLICE OFFICIERS, DETECTIVES, EMPLOYEES employed and other personnel, to work as representatives of THE NEW YORK CITY POLICE DEPARTMENT.

43. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, had a duty to ensure that their actions, activities and behaviors of its said SERVANTS, AGENTS, POLICE OFFICERS and/or EMPLOYEES conform to certain standards of conduct established by law for the protection of others against unreasonable risk of harm.

44. That at all times hereinafter mentioned, the defendant THE NEW YORK CITY POLICE DEPARTMENT, had a duty to ensure that it said SERVANTS, AGENTS, POLICE OFFICERS and/or EMPLOYEES conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently resulting in injuries to others, including the plaintiff(s) herein.

45. That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK AND THE ADMINISTRATION FOR

7

CHILDREN SERVICES, are vacariously liable for the damages
sustained by the plaintiff(s) through their implied contract with
EDWIN GOULD SERVICES to care for forster children.

## FACTS GIVING RISE TO THE ACTIONS

46. On November 12, 2010, Department of Education employee
Gina Digglio, guidance counselor at P.S. 196,
located at 207 Bushwick Avenue, Brooklyn New York 11206
generated a neglect complaint to The Administration For Children Services.

47. Gina Digglio, states in her complaint that        J.B    and
. A.B          were late 25 times and absent 4,        D.t
and often come to school hungry and smelling of a foul odor.
And was being neglected due to the parents having notice of schools
concerns.

48. The complaint intake numbers 22978265 - 27190683

49. The complaint was took by employee of The Administration For
Children Services Cathy Chiou operator number # 22978265.

Exhibit A

50. That on or about November 12, 2010, an agent of The Administration
For Children Services Charmain Cort and Ms. Grant presented to the plaintiff
residences, at 7:30 pm located at 204 Bushwick Avenue, Brooklyn N.Y. 11206
apt 5.

51. That on or about November 12, 2010, agent Charmaine Cort
and Ms Grant proceeded to illegally enter and illegally search the premises
of 204 Bushwick Avenue, Brooklyn N.Y. 11206, apt 5 without
permission of either resident or a warrant / court order.

8

52. That on or about November 12, 2010, agent Charmaine Cort and
Ms. Grant of The Administration For Children Services and a Police Officer
from The New York City Police Department proceeded to remove
5 children from the premises of 204 Bushwick Avenue, Brooklyn N.Y. 11206,
J.B, A.B, K.B, D.B, Z.B        D.t

53. That on or about November 12, 2010, agent Charmaine Cort and
Ms. Willams and a Police Officer from The New York City Police
Department proceeded to place the 5 children  J.B, A.B,
K.B, D.B, Z.B,                 into  D.t
the custody and care of The Administration For Children Services.

54. That on or about November 12, 2010,
J.B, A.B, K.B, D.B, Z.B.                D.t
        on were subjected to strip search at Bellvue Hospital.

55. That on or about November 14, 2010, The five
were placed in the custody and care of foster care agency,
Edwin Gould Services.

56. On November 16, 2010 an Article 10 Proceeding was filed in
The Kings County Family Court against Jodie Benson and
Monte Thomas aka Dermont Thomas.

57. On December 10, 2010 three of the children  J.B,
A.B, K.B              were returned to their home by  D.t
the order of The Honorable Stewart Weinstein.

58. On December 10, 2010, the plaintiff Dermont Thomas who was a
respondent in that action, neither him or his attorney was present for
the 1028 hearing, where The Honorable Stewart Weinstein order the
three children returned home.

59. On December 14, 2010, agent Charmaine Cort came to the home
at 204 Bushwick Avenue, Brooklyn N.Y 11206, apt #5.

She alleged the plaintiff was in violation of the order dated
December 10, 2010 by The Honorable Stewart Weinstein,
because he left the three children with there uncle Randy Benson.

60. On December 15, 2010, The Administration For Children Services filed
an Order to Show Cause alleging Monte Thomas aka Dermont Thomas
was in violation of court order dated December 10, 2010,
and was demanding an immediate removal of the three children.

61. On December 16, 2010, The Honorable Susan S. Danoff signed an order
granting The Administration For Children Services request for removal
of the children  J.B, A.B, K.B                                D.+

62. On December 16, 2010, agent Charmain Cort of The Administration
For Children Services and and two Police Officers from The New York
City Police Department proceeded to remove plaintiff three children    D.+
     J.B, A.B, K.B

63. On or about December 16, 2010, The Administration For Children
Services placed the three children Jocelyn Benson, Angelea Benson,
Kendall Benson in the custody and care of The Administration For
Children Services and Edwin Gould Services.

64. On December 12, 2011, a female infant named Jaleah Benson was
born at Woodhull Hospital to Jodie Benson and Monte Thomas.

65. On or about December 15, 2011, The Administration For Children
Services removed  J.B          from the hospital and placed her in    D.+
the custody and care of Edwin Gould Services.

66. That on or about December 15, 2011, The Administration For
Children Services filed a Article 10 proceeding in The Kings County
Family Court against Jodie Benson and Monte Thomas.

67. On July 26, 2012, The Honorable Alan Beckoff ordered the three
oldest children  J.B, A.B, K.B                                D.+
back home to the custody and care of their parents Jodie Benson

10

and Monte Thomas aka Dermont Thomas.
Under the supervision of The Administration For Children Services.

68. On June 24, 2013, The Honorable Lillan Wan ordered the three
youngest children  D.B, Z.B, J.B.                    D.+
back home to the custody and care of their parents Jodie Benson
and Montie Thomas. Under the supervision of The Administration For
Children Services and Edwin Gould Services.

69. While the children were under the custody and care of
The Administration For Children Services,
the parents were subjected to supervise visits with their children.

70. While under the custody and care of The Administration For
Children Services and Edwin Gould Services,
the children were strip search from head to toe.
The policy was before going on weekend visits with the parents
the children were search.
And upon return from visit the children were strip searched,
against the children and parents objection.

71. That on March 20, 2014, In the Kings County Family Court,
located at 330 Jay Street, Brooklyn N.Y. 11203.
The Honorable Lillan Wan dismissed the petition filed by
The Administration For Children Services on 11/16/10 against
Jodie Benson and Monte Thomas.

Exhibit B

## GINA DIGGLIO AND THE DEPARTMENT OF EDUCATION
## FAILED TO FOLLOW DEPARTMENT OF EDUCATION POLICIES.

72. The defendant The Department Of Education and Gina Digglio employee,
wantonly, intentionally, maliciously, relentlessly and without cause and
deviated from policies and procedures of The Chancellors Regulations.

73. The defendant The Department Of Education and Gina Digglio employee,

11

wantonly, intentionally, maliciously, relentlessly and without cause and deviated from policies and procedures of The Student Bill Of Rights.

74. The defendant The Department Of Education and Gina Digglio employee, wantonly, intentionally, maliciously, relentlessly and without cause and deviated from policies and procedures outlined in The Student Disciplinary Code Of Conduct.

75. Before a report can be forwarded to A.C.S, P.S. 196 must give notice to the parents that their is an issue, which needs to be addressed. Board of Education policy calls for notice to be made, with proof, return reciept, affidavit of service. Even if the defendant alleges they coukd not reach the parents, Parents live across the street. Parents bring the children to school everyday, and pick them up, so any allegations made that they could not find the parents is fraud.

76. Gina Digglio and P.S. 196 Deviated from the official policy requirements under Chan. Reg A-412, the principal or the principal designee must report all infractions to the parents. School personnel must ensure the appropriate outreach, intervention and support are provided for all students who exhibit attendance problems manifest themselves as truancy or patterns of unexcusable absence or educational neglect.

77. Gina Digglio and P.S. 196 deviated from the policyand pratices of The Board of Education Rules Of Conduct A03, when they failed to have a Positive Behavioral Intervention and Support Confrence.

78. Gina Digglio and P.S. 196 deviated from the offical policies of The Board of Education, when they failed to follow The Discplinary Code and Student Bill Of Rights, when they forwarded a report to A.C.S, alleging Jocelyn Benson, and Angelea Benson often come to school Poor hygiene and hungry.

79. Gina Digglio and P.S. 196, is in violation of Policy A-443(1)(a), A06, which requirers the parent to be alerted and a conflict Resolution Confrence, second infraction requires disciplinary action.

80. Gina Digglio and P.S. 196 deviated from Chancellor Reg A443(1)(b)(1) requiring a principal or Guidance Confrence with the parents.

81. Gina Digglio and P.S. 196, deviated from Board of Education policy, Chancellors Reg A443(1)(b)(3), which states the principal should notify the parents by letter, that he or she should attend the Guidance Confrence.

H) Gina Digglio and P.S. 196 deviated from the policy and pratices of The Board Of Education, and Chancellors Reg A-820, State Educational Law/ Federal Law, Federal Reg 34 C.F.R part 99.

82. Gina Digglio and P.S. 196 wantonly, intentionally, maliciously, and without cause, deviated from policy and procedure of the Chancellors Regulations, and the Student discplinary Code, and the agreement outlined in the Student Bill of Rights. This was the direct cause of the plaintiff(s) sustaining injuries.

## INFRACTIONS

83. School officials must consult the Discipline Code when determining which disciplinary measure to impose. In addition to consulting the Discipline Code, prior to determining the appropiate disciplinary and/or intervention measure, the following must be considered: Student age, maturity, and previous disciplinary record (including the nature of the prior misconduct, the number of prior instances of misconduct, and the disciplinary measure imposed for each); the circumstances surrounding the incident leading to the discipline; and the student's I.E.P, B.I.P and 504 Accommodation Plan, If applicable. Every reasonable effort should be made to correct student misbehavior through guidance interventions and other school-based resources and the least severe disciplinary responses. Appropriate disciplinary responses should emphasize prevention and effective intervention, prevent disruption to student education, and promote the developement of a positive school culture.

## ATTENDANCE POLICY

84. School personnel must ensure that the appropriate outreach, intervention and support are provided for students who exhibit attendance problems that manifest themselves as truancy or patterns of unexcused absence or educational neglect. In cases of truancy, school personnel must meet with the student and parent in order to determine an appriate course of action which should include, but not limited to: guidance intervention, referral for counseling, referral to after-school programs.

85. Gina Digglio and The Department Of Education failed to follow Department Of Education policy 4(a)(1)(a).

86. Gina Digglio and The Department Of Education failed to follow Department Of Eduation policy A-210 3(f)

87. The Administration For Children Services and The City Of New York, Department Of Education failed to assess if the complaint made by Gina Digglio met the statuatory agency guidelines.
Was the caller credibility credibale, they failed to establish if the children well being was immediate at risk of danger.
Does the allegations and circumstances indicate that the childrens basic needs were not being met. If their was any harm or threat of harm that would result. Also have the caregivers failed to provide the children with needed care for physical injury, acute illness, physical or disability, or chronic condition. This decesion is based on agency policy and State Law.

88. The defendants, The Department Of Education, Gina Digglio, The Administration For Children Services and Cathy Chieu, Charmaine Cort failed to review the facts and cirumstances pertaining to the children latness, or hygiene and well being. The facts pertainig to the allegations of the children being hungry in school, or smelling of a foul odor.

89. Cathy Chieu and The Administration For Children Services failed to review or investigate even if the school gave the plaintiff or other parent notice of the issue pertaining to the complaint filed.

90. The information recieved from Gina Digglio and The Department Of Education, which was forwarded to The Administration For Children Services was difective.

## *FAMILY COURT ACT 217*

91. . *An Order shall be in writing and signed with the judges signature or initials by the judge who made it. The form of such order shall be promulgated by the Chief Administration of the courts pursuant to section Two Hundred Fourteen of this Article. The original of an order of the Family court in the county in which The Family Court making the order is located.*

*The court shall file or direct the filing of an order within twenty days of the decesion of the court, If the court directs that such order be settled on notice, such twenty day period shall commence on the date on which such order is settled. The court shall direct service of a copy of an order in whatever manner it deems appropiate.*

*If the court makes no direction, The applicable provision of the C.P.L.R shall apply.*

*When the clerk of the court is directed to serve such order, the clerk shall note in the court order the manner and date of service and person to whom such order was served.*

92. . *Even if the Defendant(s) claimed the court did not direct them to effectuate Service of the order.* 93. *Defendant(s) have still failed to comply with service under the C.P.L.R.*

## *C.P.L.R. 2103(b)(e)*

94.    *C.P.L.R 2103(b) requires that interlocutory papers, and orders of the court be served on the attorney rather than the parties, Hence as soon as it is perceived that a party is appearing by attorney.*

95.    *C.P.L.R 2103(e) Does not leave any guessing, it requires that each paper served "On every other party who has appeared".*

*Thus, attorney must make it there pratice to draw up papers in sufficient copies to enable one to be served on each of the other parties to the action,*

*No matter whose side they are on, and without regard to any notions about who is or isn't interested in the particular paper.*

*All the parties will make judgment for themselves.*

*The aim of C.P.L.R 2103(e) is to keep all parties posted of all steps taken in the action. It imposes an important and pervasive requirement:*

*All parties who have appeared in the acion must be served with copies of all interlocutory papers. A party who has appeared is entitle to be kept abreast of all dzvelopements, In the litigation regardless of whether they concern him directly,*

*the court may by order, dispense with requirements the appropiate circumstance.*

## C.P.L.R 2102

To the extent that copies of a party papers must be filed with the court, C.P.L.R 2102, Court rules invariably insist that such papers, as a prerequiste to Filing, be accompanied by an affidavit that copies has been served on all parties who appeared. The Defendant(s) have not even filed an affidavit of service anywhere in their Order to show Cause, or their Affirmation nor with the court. To this day the Defendant(s) still have not served the plaintiff or his attorney with a copy of the order

## THE LAW DICTATES THAT THE ORDERS IS DIFECTIVE

97. The Defendant(s) total failure to effectuate proper service of the order upon all parties to the action as required by law F.A.C 217 and the C.P.L.R 2103(b),(e), 6313(b). Made the order difective and unenforceable.

109. This is confirmed, and verified by their incompetence in failing to file an "Affidavit of Service" attestting to service of the order as required by C.P.L.R 6314, 2101(f).

98. These two defects, which goes straight to the jurisdiction of the Courts power to enforce the order, an does not allow the court to use it's executive powers to enforce the order. 99. Defendant(s) order to show cause was actually filed prematurally and should have been denied, and mark moot, according to the law.

100. *. Defendant(s) humilated the plaintiff by adding the plaintiff good name to a

Central registry for indiviuals who abuse children, or provide negligent care.

101. *This action, which damaged the plaintiff reputation,*

102. *Defendant(s) knew or should have known the plaintiff never recieved a copy of the Temporary Order of Protection, dated December 10, 2010 order by the Honorable Stewart Weinstein.*

103. *. Defendant(s) knew or should have known that their misrepresentation to the courts that all parties have been notified of the order, and that the alleged order was violated, goes against the official customs and policies of The City of New York, and The Administration of Children Services.*

104. *Defendant(s) actions deviated from the uniform rules of the court, By failing to serve the order after being directed by the court. By failing to file an affidavit of service attesting to who, where, when the order was served.*

106. *. Defendant(s) knew or should have known that the illegal seizure of the plaintiff children and the prosecution of the plaintiff thereafter violated the plaintiff rights secured to him by the constitution under 42 U.S.C. 1983.*

107. That on November 12, 2010, the plaintiff(s), Dermont Thomas,

Zyleah Benson, Jaleah Benson, were present at the premises of 204 Bushwick Avenue, Brooklyn New York 11206, apt 5.

108. When agent Charmaine Court, an another A.C.S worker, illegally entered the premises of 204 Bushwick Avenue, Brooklyn New York, apt 5,

109. without the permission of the homeowner, or probale cause.

110. On November 12, 2010, a certain A.C.S worker, Police officer of the aerendant, The City Of New York, were present at the premises located at 204 Bushwick Avenue, Brooklyn N.Y 11206, County Of Kings, City and State of New York.

111. That on the 12th day of November 2010, a certain A.C.S agents, and Police officers of the New York City Police Department, of the defendant, The City Of New York, were present at the premises located at 204 Bushwick Avenue, Brooklyn N.Y 11206 apt 5, County Of Kings, City and State of New york, in the course and scope of their employment.

112. That on the 12th day of November 2010, a certain A.C.S agents, and/or police officers of The New York City Police Department of the defendant, The City Of New York, were present at the premises located at 204 Bushwick Avenue, Brooklyn N.Y. 11206. State Of New York, County of Kings, while in course and scope of their employment as Police Officers and A.C.S agents.

113. That on the 12th day of November 2010, the plaintiff(s), Children J.B, A.B, K.B, D.B, Z.B D.T were forceable, and against their will, were removed from their home located at the premises of 204 Bushwick Avenue, Brooklyn N.Y 11206 apt #5, placed them in the care of The Administration of Children

Services.

114. This was done in violation of their Constitutional Rights protected under the 4th Amendment.    115.  no probale cause for these indiviuals to enter the premises.    116.  no permission to enter the premises.

117. Defendant(s) deviated from the offical policy of The City Of New York, and The Administration of Children Services.

118. That on the 12th day of 2010, the plaintiff Dermont Thomas Constitutional Rights were violated without any contribution on the part of the plaintiff, 119. without probale cause.    120.  illegally entered the premises of 204 Bushwick Avenue, Brooklyn N.Y. 11206 apt #5.

121.  illegally seized the plaintiff 6 children and placed them in the care of The Administration Of Children Services. 122. actions of these defendant(s) deviated from the laws of the State Of New York, and the offical policies of The City Of New York, and The Administration Of Children Services.

That on the 12th day of November 2010,

J.B, A.B, K.B, D.B, Z.B,    D.+

were forcefully removed from their parent(s) and home.

123. and placed in a police car and escorted to Bellvue Hospital.
124. The children were strip searched from head to toe, private parts included.
125. This was in violation of the childrens 4th Amendment Rights,
and basically amounts to sexual abuse, an illegal search.
126.

127.  That on the 12th day of 2010,

J.B, A.B, K.B, D.B, Z.B    D.+

was wantonly, intentionally, maliciously, relentlessly, illegally, 128. without warrant or due cause, and forcefully seized and removed the children from the premises of 204 Bushwick Avenue, Brooklyn N.Y. 11206 apt #5, County of Kings, and The State Of New York.

129.  That on the 12th day of November 2010
Jocelyn Benson, Angelea Benson, Kendall Benson, Davion Benson, Zyleah Benson, was intentionally, maliciously, relentlessly and illegally,
130. and without warrant or due cause and placed them in the custody and care of The Administration Of Children Services and The City Of New York

against their will.

131.    That by reason of the foregoing, the plaintiff(s), J.B, A.B, K.B, D.B, Z.B, J.B was caused D.T to suffer injuries and sustained damages, they would not have sustained if not for the conduct of the defendant(s).



132.    That by reason of the foregoing, the plaintiff Dermont Thomas was caused to suffer injuries and damages, he would not have sustained if not for the conduct of the defendant(s).

133.    That on December 10, 2010, the 3 subject children J.B, A.B, K.B were placed back in the care of D.T Jodie Benson at the premises of 204 Bushwick Avenue, Brooklyn N.Y 11206 apt #5.

134.) Honorable Stewart Weinstein signed an order in Kings County Family Court, returning these children back home.

B. That on the 15th day of December 2010, the plaintiff J.B, A.B, K.B. 4th Amendment rights were violated when D.T they were forcefully removed and illegally seized from the premises of 204 Bushwick Avenue, Brooklyn N.Y 11206 apt #5, County of Kings.
135. This action was performed with deliberate indifference to the offical policy of The Constitution, and while working under the color of the law.

B    That on the 15th day of December 2010, the plaintiff Dermont Thomas, 4th Amendment Rights were violated by The City Of New York, and the A.C.S, while in the scope of their employment to the City Of New York.
136. This action was performed with deliberate indifference to the offical policy of The Constitution, and while working under the color of the law.

137.) That on the 15th day of December 2010, a certain police officers, A.C.S agent, of the defendant(s), while in the course of their employment to the defendant were present at the premises located at 204 Bushwick Avenue, Brooklyn New York 11206, apt #5.

A) Plaintiff was diagnosis with a Hernia.

B) Lacerations to his legs.

C) Red and dischargy eyes.

D) Plaintiff was denied medical treatment for his hernia from 2/8/11-present time.

E) Plaintiff was recieving negligent treatment, while in the care of Ms Weems.

F) Defendant(s) failed to give Ms Weems the proper trainning to care for Plaintiff.

I) Edwin Gould Services knew the plaintiff would recieve negligent care, while in the care of Ms. Weems.

H) Failing to act was the direct cause of the plaintiff sustainng injuries.

153. On or about 10/4/2011 $\mathcal{D}.\mathcal{B}$     was injured.     $\mathcal{D}.\mathcal{T}$

A) While in the care of Edwin Gould Services, and A.C.S.

B) Defendant(s) owed Plaintiff a duty of care.

C) Edwin Gould Services was negligent, by leaving plaintiff unattended.

D) Ms Febo approved foster mother, appointed by the defendant(s).

E) Ms. Febo told the triage nurse that "the plaintiff suffered an injury to his eye and head, while jumping on the bed".

F) Then she stated to the doctor "That plaintiff fell, while running around at home.

G) Plaintiff suffered a contusion of the eyelid and periocular area.

H) Plaintiff was detained at the hospital for an extra two hours for observation.

I) Then released and sent home with medication.

J) E.G.S said the injury occured, while plaintiff was while plaintiff was jumping in his crib.

K) E.G.S said Ms. Febo was negligent, due to her failing to get a toddler bed as requested by E.G.S.

L) Defendant(s0 failed to train Ms Febo in the proper saftey measures to care for the plaintiff.

M) Ms Febo failed to monitore and supervise the plaintiff a minor child.

N) E.G.S failed to supervise Ms Febo.

O) A.C.S failed to monitore E.G.S and Ms. Febo.

P) Due to the negligent on the behalf of the defendant(s), plaintiff sufferd injuries.

Q) Defendant(s) conduct was the direct cause of the plaintiff sustaining an injury.

154. Since being in the care of E.G.S and A.C.S $\sim\mathcal{D}.\mathcal{B}$     has     $\mathcal{D}.\mathcal{T}$

2.

sustained 5 other head injuries, which require medical treatment.

A) All five other head injuries were the direct cause of the defendant(s),
E.G.S and failing to supervise and monitore the appointed foster mother.
B) All the incident took place while in the care of E.G.S, and A.C.S.
C) A.C.S failed to monitore and supervise E.G.S.
D) Defendant(s) knew plaintiff wouuld recieve negligent care.
E) While in the care of the appointed foster mothers.
F) The injuries sustained by plaintiff was the direct causes of the defendant(s).
G) If not for the actions of the defendant(s), plaintiff would not have sustained any injuries.
H) D.B          was neglected as define under F.C.A 1012.   D.+

155. On or about 3/25/12 to 3/26/12, while in the care of Ms. Sandra Febo,
D.B          . was caused to suffer a head injury.                  D.+
A) The defendant failed to properly supervise Ms febo, faoster mother.
B) Plaintiff was left unattended and unsupervised, by the defendant(s).
C) This action deviates from the policy and procedures of E.G.S and A.C.S.
D) Defendant(s) owed plaintiff a duty of care.
E) failed to take the neccesary steps to ensure plaintiff saftey.
F) The appointed foster mother was untrained in caring for children.
G) E.G.S and A.C.S failed to monitore and supervise the foster mother.
H) It was alleged that the plaintiff was left in a high chair unattended and fell.
I) If not for the defendant actions, plaintiff would not have sustained any injuries.
J) Defendant knew plaintiff would suffer negligent care, while in the care of Sandra Febo.

156. On or about 2-5-12, plaintiff J.B          was sexually abuse.     D.+
A) The Board of Education and P.S 206 deviated from social service law 413.
B) The Board of Education and P.S 206 deviate from chancellors regulation.
C) The Board of Education and P.S 206 were required to report cases of suspected abuse and maltreatment.
D) Another student by the name of Jameer craft Diggs was the violator.
E) Plaintiff was pushed in the closet, while going to retrieve her things.
F) Violently and forcefully groped.
G) This child has a mental condition.

H) The Board of Education knew or should have known, that child posed a substancial risk of harm to others.

I) This class is a special education class, with 12 students.

J) Two teachers are present at all times.

K) If not for the deviation from policy and procedure by the Board of Eduation.

L) Plaintiff would not have sustained any injuries.

M) Board of Education, failed to train there employees at P.S 206, with the proper saftey measures to protect a children against unreasonable risk of harm.

N) Board of Education and P.S 206 knew this children in this class, would be subjected to a greater risk of harm, with this child in class.

O) And did nothing to protect the children.

P) Board of Education failed to report the inident.

Q) Failed to alert the appropiate authorities.

R) Failed to alert the parents.

S) If not for the deviation from policy and procedure, plaintiff would not have sustained any injuries.

T) If not for the Board of Education actions, plaintiff would not have suffered any injuries.


157. On or about May 2011, Plaintiff Dermont Thomas was told by E.G.S, that If he would supply the bedding for J.B, A.B   , he would be  repaid, for his property.

A) Plaintiff moved the hi-rise double bed to the home of Ms Baker.

B) The bedding was brand new.

C) The bedding was for the children when they returned home.

D) The bedding was being transfered, so the children could spend weekends at the home of Ms Baker.

E) Plaintiff contacted E.G.S for repayment, which they refused.

F) E.G.S refused to give the plaintiff back his property.

G) E.G.S used fraud and deciet.

H) plaintiff was forced to buy knew bedding.

I) So the children would have bedding, and could be return to the home.

J) E.G.S had a duty to provide Ms Baker with bedding as required by their policy.          K) E.G.S actions have prejudiced the plaintiff.

L) E.G.S actions have left the plaintiff with 582.00 dollar debit.

M) E.G.S refuse to pay the plaintiff for his bedding.

N) E.G.S conversion the plaintiff property to their own.

O) E.G.S refuse to return the plaintiff property, since 2011.

P) If not for the actions of E.G.S, plaintiff would not have sustained any damages.

158. On or about 9/8/11 E.G.S wrote a false report.
A) At the time this report was made, the maker knew of it falsity.
B) The maker submitted this report to the courts.
C) The maker knew the risk of harm this report would causes, and submitted anyway.
D) E.G.S knew this report would become apart of an official court record.
E) This report was in direct violation of E.G.S policy.
F) This report contained false and misleading information.
G) This report violate the State/Federal laws of the State of New York.
H) E.G.S owed Z.B                    duty of care.                    D.T
I) This report was done to cover up neglect by Sandra Febo.
J) If not for this deviation from policy by E.G.S plaintiff  Z.B        D.T
would not have sustain any further injuries.
K) The report was falsely written in retaliation to the plaintiff filing a lawsuit.

159. On or about 10/5/11, E.G.S wrote a false report.
A) At the time this report was made, the maker knew of its falsity.
B) The maker submitted this report to the courts.
C) The maker knew the risk of harm this report would cause, and submitted anyway.
D) E.G.S knew the report contained false and misleading information.
E) This report was in direct violation of E.G.S policy.
F) This report violates State/Federal laws of the State of New York.
G) E.G.S owed D.B          duty of care.                    D.T
H) This report was falsely written to cover neglect, by Sandra Febo.
I) If not for the actions of the defendant, D.B        would not have    D.T
sustained any further injuries.
J) The report was fraudulently written.
K) In retaliation for the plaintiff filing a lawsuit.
M) In direct violation of 18 U.S.C 241.

160. On or about 9/2010, Z.B        was hospitalized at Interfaith hospital. D.T
A) After being neglected by her appointed foster mother.

37

B) plaintiff was hospitalized for about 2-3 weeks.

C) E.G.S failed to train the foster mother, with the proper saftey measures to prevent the risk of harm.

D) Plaintiff diagnosis with a chest infection and Phneumonia.

E) E.G.S knew this child would recieve negligent care.

F) Did nothing to protect her.

G) If not for the conduct of E.G.S, plaintiff would not have sustained any injuries.

161. On or about 12-12-11, 'J₀ B          was born.

A) Plaintiff was removed from the hospital and placed in the care of A.C.S.

B) Child has sustained injuries.

C) Plaintiff was removed in violation of her Constitutional rights 42 U.S.C 1983.

D) A.C.S knew at the time of the removal, that this was in violation of plaintiff rights.

E) Plaintiff been reieving negligent care ever since.

F) plaintiff sustain rashes.

G) Plaintiff was left unattended, and unsupervised regularly.

H) E.G.S knew the plaintiff would recieve negligent care.

I) If not for the conduct of E.G.S, plaintiff would not have sustained an injury.

J) If not for this illegal removal, plaintiff would not have sustained any injuries.

162 (A)    . That the foregoing occurences and the resulting injuries to the plaintiff(s), were caused solely by reason of the carelessness, negligence, emotional distress, abuse of process, failing to supervise and monitore, Constitutional Rights violations, and wrongful actions on the part of the defendants, without any provocation or negligence, on the part of the plaintiff contributing thereto.

162) Gina Digglio and The Department Of Education had a duty to supervise the conduct of children on school grounds.

163) Gina Digglio and The Department Of Education had a duty to utilize the care which a person of ordinary prudence charged with comparable duties, would excercise under the same circumstances.

164) The wrongful acts of Gina Digglio occurred within the scope of her employee employment to The Department Of Education.

165) Gina Digglio and The Department Of Education had a duty to maintain and supervise, maintain discpline and protect students against harm from aggressive, reckless or intentional misconduct.

166) Gina Digglio and The Department Of Education failed to prevent injuries sustained by the intentional or reckless conduct of the victim or a fellow student may constitute negligence.

167) The Department Of Education failed to adequately train its employee Gina Digglio regarding Student Bill Of Rights, Chancellors Regulations, Student Code Of Conduct.

168) The Department Of Education failed to adequately train its employee Gina Digglio regarding parents Due Process Rights guaranteed to them by the Constitution.


169) THE ADMINISTRATION FOR CHILDREN SERVICES, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, violated the plaintiff rights of a man to retreat into his own home and there to be free from government intrusion.

170) It is well established that physical entry into the home is the chief evil against, which the 4th Amendmentis directed. At the very core is the 4th Amendment and the personal rights secured.

171) The 4th Amendment prohibition of unreasonable searches and establishes the cardinal principle that are per se unreasonable under the 4th Amendment.

172) Warrantless searches are only permissable under the well defined exceptions of consent to search.

173) It was an invasion of the plaintiffs personal rights by
The Administration For Children Services, Cathy Chieu,
Charmaine Court and The City Of New York.
The caseworkers had a duty to make an effort to corroborate the guidance
counselor Gina Digglio complaint by discrete inquiry of the faculty members
who had frequent contact with the kids. More importantly, it appears that
additional information could have been obtained quite easily and without
creating any appreciable embarrassment for the children and the parents.

174) The City Of New York and The Administration For Children Services
failed to adequately train its employee Cathy Chieu regarding parents
rights to Due Process.

175) The City Of New York and The Administration For Children Services failed
adequately to train its employee Cathy Chieu regarding Administration For
Children Services policies and procedures of investigating complaints.

176) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmaine Cort regarding parents
Constitutional Rights to privacy.

177) The Administration For Children Services, Charmain Cort and
The New York City Police Department, John Doe and The City Of New York
while working under the color of the law did remove plaintiff
Dermont Thomas (5) children in violation of 4th Amendment.

178) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmaine Cort regarding parents
Constitutional Rights to be free of Unreasonable Searches and Seizures.

179) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmain Cort regarding parents rights to
Due Process Of the Law.

180) The City Of New York and The Administration For Children Services failed
adequately to train its employee Charmaine Cort regarding The Administration
For Children Services policies and procedures regarding removal of children.

181) The City Of New York and The Administration For Children Services failed adequately to train its employee Charmaine Cort regarding The Administration For Children Services policies and procedures regarding investigating complaints.

182) The City Of New York and The Administration For Children Services failed adequately to train its employee Charmaine Cort regarding The Department Of Education policies and procedures.

183) The City Of New York and The New York City Police Department failed to adequately train its employees ( John Doe), regarding The 4th Amendment illegal searches and seizures.

184) The City Of New York and The New York City Police Department failed to adequately train its employees (John Doe), regarding Due Process Of Law.

185) The Administration For Children Services and Edwin Gould Services certified that they would supervise the foster parent and failed to provide adequate supervision and did not.

186) Immunity from liability does not apply when public entity fails to discharge a manadatory dutie.

187) The Administration For Children Services failed to adequately train and supervise Edwin Gould Services in regards to caring for children in their care.

188) The Administration For Children Services failed to adequately train and supervise Edwin Gould Services in regards to reporting injuries or abuse sustained by children in their care.

189) The Administration For Children Services failed to adequately train and supervise and monitore Edwin Gould Services in regards to State/Federal Laws, pertaining to children who are at risk of imment danger, due to the negligence or failures of their foster parents.

190) The City Of New York and The Administration For Children Services failed to adequately train and supervise Edwin Gould Services in regards to

The Administration For Children Services policies and procedures regarding children.

191) The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise an monitore foster mother Melvina Weems in regards to The Administration For Children Services policies and procedures, while caring for children in there care.

192) The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise and monitore foster mother Melvina Weems in regards to State/Federal law, while caring for foster children.

193) Edwin Gould Services failed to adequately train and supervise/monitore foster mother Melvina Weems in regards to Edwin Gould Services policies and procedures.

194) The Administration For Children Services and Edwin Gould Services knew or should have known that D.B.          would recieve negligent      D.T care, and/or abuse while in the custody and care of Melvina Weems.

195) The Administration For Children Servies and Edwin Gould Services failed to adequately train and supervise/monitore foster mother Sandra Febo in regards to State/Federal Law pertaining to children who are at risk of becoming injured, Due to the failings/negligence of their care providers.

196) The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise/monitore foster mother Sandra Febo in regards to The Administration For Children Services policies and procedures.

197) The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise/monitore foster mother Sandra Febo in regards to Edwin Gould Services policies and procedures.

198) The Administration For Children Services and Edwin Gould Services failed to protect D.B.          from Neglect/abuse at the hands of Sandra Febo,      D.T which they knew would cause an injury.

199) The Administration For Children Services and Edwin Gould Services knew or should have known that D.B would recieve negligent care, or abuse while in the custody and care of Sandra Febo.

[

200) The Administration For Children Services knew or should have known that Davion Benson would recieve negligent care, or abuse while in the custody and care of Edwin Gould Services.

201) The City Of New York, The Administration For Children Services and Edwin Gould Services were put on notice by a mental health professional, who warned them of the negative point of view in which Sandra Febo views D.B          D.T

202) The City Of New York, The Administration For Children Services and Edwin Gould Services were giving notice that Sandra Febo interest in D.B _____ were purely for fiancial gain.          D.T

203) The City Of New York, The Administration For Children Services and Edwin Gould Services knew the 6 children showed signs of abuse while in their care. Emotionally the children showed signs of withdrawl, fear of their foster parent(s), nail biting disorder, low self esteem, refusing to remove garments. Physically the children were constantly hungry, had speech disorder, poor hygiene, inappropriately dressed for season, lack of medical care, In adequate supervision. Indications were given by age inappropriate behavior, lags in emotional and mental developement, which went ignored.

204) The City Of New York, The Administration For Children Services and Edwin Gould Services was giving notice by the plaintiff of the negligent care being provided to D.B          and did nothing to protect him.          D.T

205) The City Of New York, The Administration For Children Services and Edwin Gould Services knew or should have known that Z.B          D.T would recieve negligent care while in the custody of John Doe foster mother.

206) The City Of New York, The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise/monitore

the care being provided to Z.B        by John Doe foster mother.        D:t

207) The City Of New York, The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise/monitore John Doe foster mother in Administration For Children Services policies and procedures.

208) The City Of New York, The Administration For Children Services and Edwin Gould Services failed to adequately train and supervise/monitore John Doe foster mother in Edwin Gould Services policies and procedures.

209) Defendants while acting under the color of the law were in violation of the following laws and statues:

## SOCIAL SERVICE LAW

210) *Social Service laws 150, 371, 413, 414, 415, 420(1)(2), 459(1), (a)(i), 460(a), 522.*

## New York Domestic Relations law

211) *New York Domestic Relations law 1770, 1780, 1768, 1766, 1764, 1777, 1793, 1276.*

## Family Court Act

212) *Family Court Act  217, 1012 (f)(1)(2)(3)(6), (ii), 1012(e)(1)(2).*

## N.Y.C.R.R

*213) 18 N.Y.C.R.R 441.9, 441.8, 441.4.*

## TiTle 10

*214) Title 10 405.7 (b)(8), (1)(a), (2)(1)(a), (5)(1)(a), (6)(1)(a), (2)(8), (2)(9), (2)(16).*

## C.L.P.R

*215) C.P.L.R 2103(b)(e), 2101(f), 2102,*

## 42 U.S.C 1983

*216) 9 ------ 42 U.S.C 1983 4th Amendment violations Illegal Seziure.*

*217) 2 ------ 42 U.S.C 1983 14th Amendment violations Due Process.*

*218) 1 ------ 42 U.S.C 1983 4th Amendment violations illegal Search.*

219 (  ) ------ 42 U.S.C 1983 Deprivations of Rights.

220) 1 ---------- Conversion.

221) 2 ---------- Filing a False Report.

***PLEASE TAKE NOTICE***,   Plaintiff(s) will reserve their rights to an amended complaint, which will be submit after the discovery process. Plaintiff believes that that the discovery proess will reveal all other injuries sustained while in the defendant(s) custody and care.

***PLEASE TAKE FURTHER NOTICE***, Since plaintiff were in the custody and care of the defendant(s) when these injuries were sustained, Plaintiff will proceed under 42 U.S.C 1983. And will be requesting a tolling

Sworn to before me,

This ___18___ day of ___April___ 20_14_    7

Marcita A. Cedeno Commissioner of Deeds
State of New York #4-7095
Qualified in New York County
Commission Expires on ___10/61/15___

_Vent Thos_  6-3-15

Exhibit A

```
        OFFICE OF CHILDREN AND FAMILY SERVICES              ******* WARNING *******
            CHILD PROTECTIVE SERVICES                       CONFIDENTIAL INFORMATION
                 INTAKE REPORT                              AUTHORIZED PERSONNEL ONLY

                CASE NAME : Benson,Jodie
          MERGE TO CASE ID :
           INTAKE CASE ID : 24583028
        CALL/INTAKE STAGE ID : 27190683
```

---

```
                      SUMMARY

     PRIMARY WORKER    : Chiou,Cathy
     COUNTY/ZONE       : KINGS                    (A71)/B
     SECONDARY WORKER  :
     COUNTY/ZONE       :
     WORKER TAKING INTAKE : 22978265
     COUNTY/ZONE       : State Central Register
Sensitive Issues : N           Special Handling : N
```

---

### LIST OF PRINCIPALS

| | AKA | RELATIONSHIP | ROLE | SEX | DOB(AGE) ( ) | TYPE | DOD | PERSON ID | REL | LANG | Line |
|---|---|---|---|---|---|---|---|---|---|---|---|
| m-Hispanic / White | | Mother | Algd Sub | F | | | | 30622243 | Y | EN | 01 |
| Reported / White | | Child | Mal Child | F | 02/03/2003 (7 ) | | | 30622283 | Y | EN | 02 |
| t Reported / White | | Child | Unknown | F | 08/07/2005 (5 ) | | | 30622293 | Y | EN | 03 |

---

### REPORTED ADDRESS INFORMATION

| | CITY | ST | ZIP | CNTY | CD | ADDR TYPE | PHONE | EXT | PHONE TYPE | ADDR # |
|---|---|---|---|---|---|---|---|---|---|---|
| APT 5 | BROOKLYN | NY | 11206 | KING | 01 | RS | (718)381-2175 | | RS | 01 |
| | | | | | | | (347)282-1501 | | RC | 02 |
| | | | | | | | (347)350-3163 | | RC | 03 |

---

### ALLEGATION DETAIL

| ALLEGATIONS | Line | ALLEGED SUBJECT(S) |
|---|---|---|
| Educational Neglect | 01 | Jodie Benson |
| Inadequate Guardianship | | |

Date Created : 11/17/2010 at 03:52 Page: 1 OF 3

OFFICE OF CHILDREN AND FAMILY SERVICES
CHILD PROTECTIVE SERVICES
INTAKE REPORT

******* WARNING *******
CONFIDENTIAL INFORMATION
AUTHORIZED PERSONNEL ONLY

CASE NAME : Benson,Jodie
MERGE TO CASE ID :
INTAKE CASE ID : 24583028
CALL/INTAKE STAGE ID : 27190683

REPORTER INFORMATION

NAME : Gina Digiglio                      RELATIONSHIP: Guidance Counselor        AGENCY : PS 196                SUMMARY OF FINDINGS : Y

ADDR : 207 BUSHWICK AVE                                              BROOKLYN            NY 11206-2241 KINGS          BS

PHONE : (718)497-0139  Ext.             BS

SAFETY FACTORS

Caretaker views/describes/acts negatively toward child and/or has extremely unrealistic expectations of child.

_____ Report Narrative on the Next Page _____

Date Created : 11/17/2010 at 03:52 Page: 2 OF 3

OFFICE OF CHILDREN AND FAMILY SERVICES
CHILD PROTECTIVE SERVICES
INTAKE REPORT

******* WARNING *******
CONFIDENTIAL INFORMATION
AUTHORIZED PERSONNEL ONLY

CASE NAME : Benson,Jodie
MERGE TO CASE ID :
INTAKE CASE ID : 24583028
CALL/INTAKE STAGE ID : 27190683

---

Call Narrative

Narrative: 7yr old Jocelyn has been late for school 25 times & absent 4. Mother is aware, but fails to correct the problem. The child's education is negatively impacted as a result of her poor attendance.

Miscellaneous Information: There are 2 children in the home, J.B & 5yr old A.B Both children have the same D.T attendance issues & they frequently come to school late & hungry. In addition, both children have been noticed with poor hygiene. A.T is a Special Education student, & she is not completing her homework. The family live a cross the street from the school.

Locating Information: The children are in school today until 3pm dismissal.



**Family Court of the State of New York**
**County of Kings**

ROBERT RATANSKI
CLERK OF COURT

330 JAY STREET
BROOKLYN, NY 11201
(347) 401-9810

## CERTIFICATE OF RECORD

DOCKET NO.: *NN 34486-90/11*

FILE NO.: *65485*

*ACS-Kings*
_____
PETITIONER

- against -

*Jodie Benson, Monte Thomas*
_____
RESPONDENT

I HEREBY CERTIFY, THAT IT APPEARS FROM AN EXAMINATION OF THE RECORD OF THIS COURT, THAT ON *March 20, 2014*, A PETITION ALLEGING/~~REQUESTING~~ *neglect* WAS FILED AGAINST *Jodie Benson, Monte Thomas* IN KINGS COUNTY.

THIS PETITION WAS DISPOSED OF AS FOLLOWS: *No Appearances,*
*ACD expired today March 20, 2014,*
*Marked Off Calendar*
_____

Date: *March 28, 2014*

_____
CLERK OF COURT

NOTE: DUPLICATE CERTIFICATE OF RECORD **WILL NOT** BE ISSUED. PLEASE RETAIN THE ORIGINAL COPY, AND SUBMIT PHOTOSTATIC COPIES TO REQUESTING AGENCIES.

Rev.04/07

F.C.A.§§ 1039, 1058                                              10-8 08/2010

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on
January 6, 2014

**PRESENT:**   Hon. Lillian Wan

In the Matter of

     DOB: 7/9/2009),
     (DOB: 11/7/2007),
     DOB: 8/17/2005),
     (DOB: 2/3/2003),
     (DOB: 3/12/2013),
     (DOB: 12/12/2011),
     (DOB: 7/26/2010),

Children under Eighteen Years of Age
Alleged to be Neglected by

**Monte Thomas, ( A.K.A. Dermont Thomas )**
**Jodie Benson,**
        Respondents.

**File #:** 65485
**Docket #:** NN-34489-10
     NN-34488-10
     NN-34487-10
     NN-34486-10
     NN-08277-13
     NN-35755-11
     NN-34490-10

**CPS #:** 6110214
**AMENDED APRIL 8, 2014**
**ORDER**
**(ADJOURNMENT IN**
**CONTEMPLATION OF**
**DISMISSAL)**
***BOTH RESPONDENT'S***

  The petition of ACS-Kings under Article 10 of the Family Court Act, having been filed in this Court on November 16, 2010, alleging that the children, D.B (DOB: 7/9/2009), K.B (DOB: 11/7/2007), A.B (DOB: 8/17/2005), J.B (DOB: 2/3/2003), T.T (DOB: 3/12/2013), J.B (DOB: 12/12/2011), and Z.B DOB: 7/26/2010), are neglected;

  And Petitioner, Respondents and counsel for Respondents and the children's attorney(s) or Attorney(s) for the Children having appeared before this Court;

  And the matter not yet having come on for a fact-finding hearing before this Court;

  And Petitioner, Respondents and the children's attorney(s) or Attorney(s) for the Children having consented that this proceeding be adjourned in contemplation of dismissal;

  **Now, therefore, upon the motion of Petitioner, it is hereby**
  ORDERED that the petition herein is adjourned in contemplation of dismissal until March 20, 2014, upon the following terms and conditions with a view to ultimate dismissal of the petition in furtherance of justice:
- On consent of all parties, case against respondents is ACD'd with ACS supervision until March 20, 2014,
- The respondents are to cooperate with ACS supervision including announced and unannounced visits.

Page: 2 of 2
Docket No: NN-34489-10
NN-34488-10
NN-34487-10
NN-34486-10
NN-08277-13
NN-35755-11
NN-34490-10
10-8

- The respondents are to maintain all medical and educational appointments for the children, including continuing the CPSE evaluation process for Zyleah and continuing the current services for ; D.β ; his school.    D.┼
- The respondents are to cooperate with preventive services.
- 30 day report to be submitted 30 days prior to the expiration of the ACD

and it is further

ORDERED that during the period of adjournment, the child shall reside in the custody of Respondent mother and Respondent father;

ORDERED that the child protective agency shall make a progress report to the court, parties, their attorneys, the non-respondent parent and the Attorney for the Child on the implementation of this order no later than ninety (90) days from the date of this order and shall make further reports as follows: ; and it is further

ORDERED that, if the proceeding has not been restored to the calendar and if no application for restoration is pending as of the expiration date of this order and if this order has not been extended, the child protective agency shall report to the Court, the Attorney for the Child, the parties, their attorneys and the non-respondent parent on the status and circumstances of the child and family and any actions contemplated, if any, by the agency with respect to the child and family; and it is further

ORDERED that, if the proceeding has not been restored to the calendar and if no application for restoration is pending as of the expiration date of this order and if this order has not been extended, the petition shall be deemed dismissed in furtherance of justice.

**Dated:** January 6, 2014

**ENTER**

**Hon. Lillian Wan**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Check applicable box:**
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____

*Dermont Thomas*
*185 Scholes Street 2b*
*Brooklyn, New York 11206*

*February 7, 2011*

TO: **John B. Mattingly (Commissioner)**
**Administration of Child Services**
**New York, New York 10006**

<u>**NOTICE OF INTENT**</u>

2011P101192J

<u>**PLEASE TAKE NOTICE**</u>, *On the 11th day of February 2011*

*At a venue of Dermont Thomas choosing, Mr. Thomas will file a complaint*

*Alleging that the illegal and unreasonable seizure of Jocelyn Benson, Angelea Benson,*

*And Kendell Benson, who is Mr. Thomas (Biological Children), and placement into*

*The care and custody of A.C.S, violated the parents Jodie Benson, Dermont Thomas*

*And the three subject children civil rights under 42 U.S.C 1983.*

*That the Administration of Child Services who was under the color of the Law,*

*Deviated from policy and court rules, when they willingly with malicious intent*

*Violated Federal and State law with deliberate indifference of the well being of the*

*Three subject children, and their parents, which was the direct cause of the parents and*

*Children suffering damages.*

<u>**PLEASE TAKE FURTHER NOTICE**</u>, *I have been notified of my*

*Status which you placed on a (Central registry) for New York State Child Abuse*

*And Maltreatment registry. I find this appalling, and will be appealing this*

*Indication as well as all other violation of my civil rights.*

*This will be addressed also in the civil suit under malicious prosecution, slander.*

I would also like to notify you again for the third time about my concerns

Pertaining to the children under your care. Davion Benson was hospitalized with

PHnemeonia) and did not receive any medical treatments for 2-weeks after seeing

A Doctor.

**D.B**  ( also busted his head open requiring stitches, instead because of    **D.+**

Someone request they used medical glue to glue his head closed, a practiced used

On younger children instead of stitches.

Mr. Thomas and Ms. Benson voiced their concerns to Ms. Court an agent of A.C.S,

Ms. Miller, and Ms Moore foster agency case workers months ago, and they refuse to

Review or investigate, and left the children in the care of

The foster mothers, which also violates social service, family, state, and Federal law.

Since being placed in the care and custody of the Administration of Child Services:

**I.B**     was hospitalized twice from 11/18/2010-11/29/2010 and on    **D.+**

1/24/2011, lung infection and fever.

**D.B**    .. was hospitalized twice once on 12/2/2010 then again on    **D.+**

1/19/2011 requiring stitches to close a big gash.

**J.B**    : once on 11/23/2010, she also complains of being hit and bullied by    **D.+**

Foster mother children.

**A.B**    once on 11/23/2010    **D.+**

**Z.B**  hospitalized for Phneumonia, and Bronchitis on 11/23/2010.    **D.+**

The pattern of neglect, which led to the children conditions mentally and

Physically, being placed in imminent danger.

**Dermont Thomas**

February 7 2011

Chrystyne Scotto

CHRYSTYNE SCOTTO
Notary Public, State of New York
No. 05SC6104078
Qualified in Kings County
Commission Expires Jan. 12, 2012

Dermot Thomas
185 Scholes Street 2B
Brooklyn N.Y 11206
(718) 963-3266

Dermot Thomas, J.B, A.B,
K.B, D.B, Z.B, J.B

D.t

— AGAinst —
The Board of Education    x

March 13, 2012
NOTICE OF INTENT

TO: The Board of Education
52 Chambers Street
New York. N.Y. 10007

Please Take Notice

My name is Dermot Thomas and I
Reside at 185 Scholes Street, Brooklyn N.Y. 11206
In November of 2010 There was a Report
Forward to the Administration For children
Serves, from Public School 196 in
Brooklyn N.Y 11206, Located at 207 Bushwick
Avenue.

0. The Report was made by Gina Diggalio
a Guidance Counselor their who claimed
J.B         ,    A.B         would   D.t
Core to school Late 25 Times from
September to November 2010.

② She also alleged that J. B and A. B would come to D.T School smelling of a foul ordore, and Hungry.

③ She also Alleged that the Parents of these children were given notice of the Problem, and did nothing to correct it.

④ First of all the Parents were never made aware of Any of these Allegations and was never given notice.

⑤ P.S. 196 Knew and should have Known that Jodie Benson who lives across the Street from the School, the children MOM who brought them to the school and picks them up would want to Know about these Allegations made. Especially if it was a factor in the childrens Progression to the next grade.

⑥ P.S 196 and Mrs Gina Vigglio should have know that Mr Dermont thomas the childrens Father who reside 2 block from the School, and who also brought the childrens to School and pick them up, and attended school Functions would want to Know, IF the children were facing failing the grade because of violations of the D.O.E Rules and Codes of Conduct.

⑦ Rules of Codes and Conduct of the D.O.E Says:

   ① Latness is defined under A001, which has parent Conference, then disciplinary Measure the Second warning.

   ② Coming to school Hungry and Smelly would fall under A003, Disrupting the class because children are hungry and the smell disrupting other students.

   ③ Notice was never given at anytime, This is substanciated by P.S 196 never writing up prior Reports.

(9) If this was not the first time, Board of Education Policy mandates a Report be written, and the parents, or Guardian Contacted.

(10) This complaint, filed by Gina Digglio, was the main Factor in The Administration For children Services filing an action against me and my family, where Six (6) children were removed and Placed in the Custody and Care of A.C.S.

(11) I'll also be Filing a Cause of Action Against you For A.B being not Left back, due to the D.O.E deviation From official policy and procedure in Reference to her I.E.P, which caused her to become left back, classified LArose, disabled Academily.

12. I'll also be bring a Cause of action for myself against the D.O.E. For initating a complaint after denoting from your own policy and procedures.

13 I'll also be bringing a Cause of action for Sexual, forceable touching, and violent Fondling, which occured at P.S. 206 Located at 61-02 98th Street Rego Park, N.Y 11374.

J.B was attack by a boy in her class who has been classified with special needs, and a mental disorder. The D.O.E Knew and should have known that this child poses a Risk to all the other children in his class. Jocelyn suffered at the hands of this child, she already suffers from Mulitiple other conditions which have been impaired by the incident even more.

(14) This 30th cause of Action, which will be added, and I reserve the Right to add them, due to the confidentiality of the person who files a complaint with A.C.S.

There policies mandate that the informer name, Address, identity be kept secret. There poses alot of problems for people who file claims against the informer.

(15) There will be aleast 4-10 causes of Action against you and 30-days after Serves of this Notice, You will be served with a lawsuit. If the claim is not settled,

(16) The Action will be Filed in the Supreme Court of Kings County, Licated at 360 Adams Street, Brooklyn N.Y 11203, In Front of The Honorable Richard Valasquez and under Index # 1742/2011.

Please TAKE Further Notice; Mr Dermont Thomas who is a pro-se plaintiff, will be representing all his children in the action, So I will need (17) - Diffrent claim numbers for all of the alleged plaintiffs.

Dermont Thomas who is the Aboved Complaint, complaining about the Board of Education and its employess, servants, Agents, teachers, deviation from Policy and Procedure And who is fully Familar with the facts and circumstances of this case,

Deposes and says, Everything contained in this notice of intent is TRue and Correct under penalty of Perjury.

DAted : MARch 13, 2012
KINGs County

Dermont Thomas
185 Schoies Street 2B
Brooklyn .N.Y 11206
(718) 963-3266

State of New York, County of New York
Sworn to before me,
This 13 day of March 2012
Marcita A. Cedeno Commissioner of Deeds
State of New York #4-7095
Qualified in New York County
Commission Expires on 10/01/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

================================================X    March 23, 2012

DERMONT THOMAS,

J.B, A.B, K.B, D.B, Z.B
J.B.

children under 18 years of age
alleged to be neglected

NOTICE OF CLAIM

~~FF~~ ~~[struck through]~~

PLAINTIFF(S)    2011 P 1011921

-AGAINST-

THE BOARD OF EDUCATION

================================================X

DEFENDANT(S)

*Derrmont Thomas* Pro-se plaintiff, also representing all of his 6 children
who are plaintiff(s) also Herein, Complaining of the defendant
THE BOARD OF EDUCATION, Respectfully submits a
NOTICE OF INTENT and sets forth and alleges the following:

     1. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION, was a municipal Corporation duly
existing under and by virtue of the laws of the State of New York.

     2. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION was a corporation doing business in the
State of New York.

     3. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION operated the THE BOARD OF EDUCATION

as part of and in conjunction with its municipal function.

4. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION maintained the education aspect of all
children in The City Of New York.

5. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION managed and controlled
THE BOARD OF EDUCATION.

6. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION, its servants, agents and/or employees
employed teachers, aids, school saftey agents, principal and other
personnel to work as representativies of THE BOARD OF EDUCATION.

7. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION had a duty to ensure that the actions,
activities and behaviors of it said servants, agents, and/or employees
employed teachers, Guidance counselors aids, school saftey agents, principal and other
personnel conform to a certain standard of conduct established by   law for the
protection of others against unreasonable risk of harm.

8. That at all times hereinafter mentioned, the defendant,
THE BOARD OF EDUCATION, had a duty to ensure that its said
servants, agents, teachers, Guidance counselors, school saftey agents,
principal and other personnel conduct themselves in such a manner so
as not to intentionally, wantonly and/or negligently result in injuries to
others, including the plaintiff(s) Herein.

9. November 17, 2010 their was a intake report created at The Administration
Of Children Service State Central Register, which was recieved by Cathy Chiou.
Intake Case ID 22978265. This report was made by Guidance counselor
Gina Digglio of P.S. 196, located at 207 Bushwick Avenue, Brooklyn N.Y 11206.
Gina Digglio alleged "That   J. B        (7), and   A. B        (5) were   D. +
late for school 25 times, and absent 4 times, and that the mother is aware,
but fails to correct the problem". "She also alleged that the children
frequently come to school late and hungry. In addition both children have been
noticed with poor hygiene".   (Exhibit A)

10. P.S. 196 and GINA DIGGLIO had a duty to ensure that their actions and activities
would not cause harm to others, and deviated from the official policies of The Board Of
Education, when they forwarded a report to

The Office Of The Administration Of Children Services.

A) Before a report can be forwarded to A.C.S, P.S. 196 must give notice to the parents that their is an issue, which needs to be addressed. Board of Education policy calls for notice to be made, with proof, return reciept, affidavit of service. Even if the defendant alleges they coukd not reach the parents, Parents live across the street. Parents bring the children to school everyday, and pick them up, so any allegations made that they could not find the parents is fraud.

B) Gina Digglio and P.S. 196 Deviated from the official policy requirements under Chan. Reg A-412, the principal or the principal designee must report all infractions to the parents. School personnel must ensure the appropiate outreach, intervention and support are provided for all students who exhibit attendance problems manifest themselves as truncy or patterns of unexcusable absence or educational neglect.

C) Gina Digglio and P.S. 196 deviated from the policyand pratices of The Board of Education Rules Of Conduct A03, when they failed to have a Positive Behavioral Intervention and Support Confrence.

D) Gina Digglio and P.S. 196 deviated from the offical policies of The Board of Education, when they failed to follow The Disciplinary Code and Student Bill Of Rights, when they forwarded a report to A.C.S, alleging J.B      and A.B       often come to school    D.T Poor hygiene and hungry.

E) Gina Digglio and P.S. 196, is in violation of Policy A-443(1)(a), A06, which requirers the parent to be alerted and a conflict Resolution Confrence, second infraction requires disciplinary action.

F) Gina Digglio and P.S. 196 deviated from Chancellor Reg A443(1)(b)(1) requiring a principal or Guidance Confrence with the parents.

G) Gina Digglio and P.S. 196, deviated from Board of Education policy, Chancellors Reg A443(1)(b)(3), which states the principal should notify the parents by letter, that he or she should attend the Guidance Confrence.

H) Gina Digglio and P.S. 196 deviated from the policy and pratices of The Board Of Education, and Chancellors Reg A-820, State Educational Law/ Federal Law, Federal Reg 34 C.F.R part 99.

11) Gina Digglio and P.S. 196 wantonly, intentionally, maliciously, and without cause, deviated from policy and procedure of the Chancellors Regulations, and the Student discplinary Code, and the agreement outlined in the Student Bill of Rights. This was the direct cause of the plaintiff(s) sustaining injuries.

## INFRACTIONS

12) School officials must consult the Discipline Code when determining which discplinary measure to impose. In addition to consulting the Discipline Code, prior to determining the appropiate disciplinary and/or intervention measure, the following must be considered: Student age, maturity, and previous disciplinary record (including the nature of the prior misconduct, the number of prior instances of misconduct, and the disciplinary measure imposed for each); the circumstances surrounding the incident leading to the discipline; and the student's I.E.P, B.I.P and 504 Accommodation Plan, If applicable. Every reasonable effort should be made to correct student misbehavior through guidance interventions and other school-based resources and the least severe disciplinary responses. Appropriate disciplinary responses should emphasize prevention and effective intervention, prevent disruption to student education, and promote the developement of a positive school culture.

## ATTENDANCE POLICY

13) School personnel must ensure that the appropriate outreach, intervention and support are provided for students who exhibit attendance problems that manifest themselves as truancy or patterns of unexcused absence or educational neglect. In cases of truancy, school personnel must meet with the student and parent in order to determine an appriate course of action which should include, but not limited to: guidance intervention, referral for counseling, referral to after-school programs.

## PARENTS AS PARTNERS

14) Students, parents and school personnel all have a role in making schools safe and must cooperate with one another to achieve this goal. School staff should keep parents informed of their childs behavior and enlist parents                    as partners in addressing areas of concern. Outreach to parents can include, but is not limited to, a phone call and/or written communication

15) If not for the conduct and actions of P.S. 196 and Gina Digglio, in forwarding a report to The Administration Of Children in direct violation of Board Of Education Official Policies, Chancellors Regulations, Student Discplinary Code Of Conduct, Student Bill of Rights Agreement. Plaintiff Dermont Thomas would not have had an Article 10 proceeding filed against him, or his children removed and placed in the custody and care of The Administration Of Children Services.
And the other plaintiff(s)  J.B, A.B, K.B, D.B Z.B, J.B 'would not have sustained any of the injuries they sustained, while in the custody and care of A.C.S.

15) *Ms* Cortez and P.S. 206 Q deviated from Board Of Education official policy and procedure, Chancellor Regulation, when they failed to provide  J.B      with a safe and secure School enviroment. Failed to protect  J.B⁻     from being sexual abused, violently forcefully groped.
Failing to report the incident and/or file a report, as required by School policy. Failing to have a Parent Confrence, and/or guidance confrence as required by law.

16) Ms Cortez and P.S. 206 Q class 3-213 District 28 deviated from Social Service law 413, Requiring persons or officials to report cases of suspected abuse or maltreatment. Between 2-5-12 to 2-20-12  J.B     was sexually assaulted by another child who push her in the closet, while she went to

get her coat. This child who has mental condition, violently forcefully groped and assaulted her. Ms. Cortez and P.S. 206 Q knew or should have known that this child poses a risk of harm to other children.
This class is a Special Education class with 12 occupants, where there were (2) two teachers present at all times. If not for Ms. Cortez and P.S. 206 Q deviation from policy and procedure, J.B would not have sustain and injuries or damages.
Sexual Abuse in the First Degree 130.65,
Forceable touching 130.52

17) Failed to provide A.B with an adequate education as define under New York Domestic Relation law 1771, Social Service law 526, Board of education policy, Chancellors Regulations.
P.S. 328 between September 2010 to June 2011,
Failed to provide Angelea Benson with an I.E.P, and failed to plan an agreed upon plan of precaution and remediation pursuant to Mental Hygiene Law, Executive Law, Educational law. The harm caused to A.B was a confirmed harm, with damages resulting in a significant worsening and diminution of vhilds education. Plaintiff is a protected child under the procedural safeguards provision Part B of the Indiviuals with Discbilities Educational Act (IDEA). In violation of 34 C.F.R Sections 300, 503; NYCRR Section 200.5(a) and (c). Under Domestic Relations law 4005(b), (2)(i) placement made by social workers or the court within 42 days school district should have considered and recieved evaluations performed by committie on Special Education. (ii) Prepare an indiviual educational program for the child determined to be handicapped. Violations pursuant to L. 2005 C 352, 22, Domestic Relations law 1709(33).
Even though Dermont Thomas and mother signed authorizations twice, A.B I.E.P was never provided, failed to follow up to make sure the request was provided. Failed to review their recoeds, failed to take into consideration the concern of the teacher Ms. Pope and the parent.
Teacher parent had confrence where it was acknowledged that their needs to be some kind of intervention to help A.B educationally,
Where it was agreed upon that an I.E.P would benfit her.

18)   Due to the actions and conduct of Gina Digglio and P.S. 196, the plaintiff Dermont Thomas (6) children were removed and plaintiff was subjected to an illegal Article 10 proceeding. If not for the negligence of these defendant(s) the plaintiff Dermont Thomas would not have sustained any injuries or damages.

19) If not for the direct negligence on the behalf of Gina Digglio and P.S. 196, the Plaintiff(s) J.B ___ (9), A.B (6), K.B ___ (4), D.B (30 months old), Z.B ___ (20 months old), J.B (3 months old) would not have been subjected to an illegal search and seizure. Where they were strip searched. and placed in the custody and care of The Administration Of Children Services, from November 12, 2010 to the present.

If not for the negligence on the part of these defendant(s) the Plaintiff(s) would not have sustained and injuries or damages. If not for the negligence on the behalf of the Defendant A.B would not have gotten left back or sustained any injuries or damages.



20)                         *NEGLIGENCE*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.

21)                         *NEGLIGENCE*
Plaintiff(s) incoporates lines 1 through 19 as fully set forth herein.

22)                         *NEGLIGENCE*
Plaintiff(s) incoporates lines 1 through 19 as fully set forth herein.

23)                         *NEGLIGENCE*
Plaintiff(s) incoporates lines 1 through 19 as fully set forth herein.

24)                         *NEGLIGENCE*
Plaintiff(s) incoporates lines 1 through 19 as fully set forth herein.

25)                         *NEGLIGENCE*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.

26)                         *NEGLIGENCE*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.

27)                         *NEGLIGENCE*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.

28)                         *NEGLIGENCE*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.

29)                 *SEXUAL ABUSE 130.65*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.

30)                    *FORCEABLE TOUCHING*
Plaintiff(s) incorporates lines 1 through 19 as fully set forth herein.


        *PLEASE TAKE FURTHER NOTICE If the matter cannot be resolved*
*within the 30 day period from service of the original notice,*
*Plaintiff(s) legal representive Dermont Thomas will file an action in*
*The Supreme Court of Kings County, under Index# 17421/11,*
*located at 360 Adam Street, Brooklyn New York 11203,*
*The Honorable Richard Valasquez.*


        *Dermont Thomas and the above named plaintiff(s)*
*complaining of the above named defendant(s), who fully familiar*
*with the facts and circumstances of this case deposes and says,*
*Everything contained in this Notice Of Intent is true and correct*
*under penalty of perjury.*

                        **DERMONT THOMAS**
                        **185 Scholes Street 2b**
                        **Brooklyn, New York 11206**
                        **(718) 963-3266**


            Sworn to before me this
            23rd day of March 2012

            ARSENIA C ALMONTE
            Notary Public - State of New York
            NO. 01AL4976858
            Qualified in Queens County
            My Commission Expires _____

Exhibit B ■

Secs. 1012, 1031 F.C.A.                                    (Child Protective)

## FAMILY COURT OF THE STATE OF NEW YORK
### CITY OF NEW YORK, COUNTY OF KINGS

Attorney: GUINN, N
Judge:   LIM, A
------------------------------------x

In the Matter of            :    Docket No: <u>NN-34486-10</u>

D.+ J.B                     :

                            :    PETITION NEGLECT CASE

A Child Under Eighteen Years :
of Age Alleged to be Neglected by :

JODIE BENSON                :
MONTE THOMAS                :

                            :    Child Protective Specialist:
                            :    CHARMAINE CORT
                            :    ACS #: 6110214
                            :    Unit #: 275-1
                            :    Telephone: 718-218-6392
                            :
_____    :
        Respondent (s)      :
------------------------------------x

**NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD.**

TO THE FAMILY COURT:

The undersigned petitioner respectfully shows that:

1.  Petitioner JOHN B. MATTINGLY, Commissioner of Administration for Children's Services, a Child Protective Agency with offices at 150 William Street, New York, New York, is authorized to file a petition under Article 10 of the Family Court Act.

D.+ 2.   J.B       is a female child under the age of eighteen years, having been born on 02/03/2003.

3.  Said child resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.

4.  The father of said child is
    UNKNOWN .

    The mother of said child is JODIE BENSON   who resides at 204
    BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.
    The mother's date of birth is 07/26/1979.  The other person legally
    responsible for the care of said child is MONTE THOMAS , Mother's
    Paramour, who resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY,
    11206

5.  Prior to the filing of this petition, pursuant to Family Court Act
    Section (1021) said child was removed from the custody of the
    parent(s) or other person(s) legally responsible for the care of said
    child without court order on the 12th day of November, 2010, at 9:00
    am.

6.  The removal of the child was necessary because

    See Addendum III.

7.  (Upon information and belief), said child is a neglected child in
    that: (Specify grounds of neglect under Section 1012 of the Family
    Court Act.)
    See Addendum I.

8.  (Upon information and belief),
    JODIE BENSON  , the Mother of said child
    MONTE THOMAS  , the Mother's Paramour of said child
    are the person's who are responsible for neglect of said child.

    Petitioner is required to obtain education information and to provide
    that information to foster care providers and other parties to this
    proceeding. Unless otherwise obtained by release, Petitioner thus seeks a
    court order to obtain the education records (including special education
    records) of each child named in this petition who is not placed with a
    parent(s)/legal guardian(s), and a court order to provide such records to
    service providers where such records are necessary to enable the service
    provider to establish and implement a plan of service.

WHEREFORE, Petitioner prays that an order be made determining the said to be a neglected child, otherwise dealing with said child in accordance with the provisions of Article 10 of the Family Court Act.

Dated: 11/16/2010

JOHN B. MATTINGLY
_____
Petitioner

MICHAEL CARDOZO
Corporation Counsel
GILBERT A. TAYLOR
Sp. Asst. Corp Counsel

_____
Signature of Attorney

NATHANIEL  GUINN of Counsel
_____
Name

Administration for Children Services
330 JAY STREET
12TH FLOOR
BROOKLYN NY 11201
718-802-2790

Secs. 1012, 1031 F.C.A.                                    (Child Protective)

FAMILY COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK, COUNTY OF KINGS

Attorney: GUINN, N
Judge:   LIM, A
-----------------------------------x
         In the Matter of          :    Docket No: NN-34487-10

**A.B**                            :

                                   :    PETITION NEGLECT CASE
                                   :
A Child Under Eighteen Years       :
of Age Alleged to be Neglected by  :
                                   :
JODIE BENSON                       :
MONTE THOMAS                       :
                                   :    Child Protective Specialist:
                                   :    CHARMAINE CORT
                                   :    ACS #: 6110214
                                   :    Unit #: 275-1
                                   :    Telephone: 718-218-6392
                                   :
_____    :
         Respondent (s)            :
-----------------------------------x

**NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST
RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A
PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF
THE 15-MONTH PERIOD.**
         TO THE FAMILY COURT:

         The undersigned petitioner respectfully shows that:

1.   Petitioner JOHN B. MATTINGLY, Commissioner of Administration for
     Children's Services, a Child Protective Agency with offices at 150
     William Street, New York, New York, is authorized to file a petition
     under Article 10 of the Family Court Act.

2.   **A.B**              is a female child under the age of eighteen years,
     having been born on 08/17/2005.

3.   Said child resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.

4.   The father of said child is
     UNKNOWN .

     The mother of said child is JODIE BENSON  who resides at 204
     BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.
     The mother's date of birth is 07/26/1979.  The other person legally
     responsible for the care of said child is MONTE THOMAS , Mother's
     Paramour, who resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY,
     11206

5.   Prior to the filing of this petition, pursuant to Family Court Act
     Section (1021) said child was removed from the custody of the
     parent(s) or other person(s) legally responsible for the care of said
     child without court order on the 12th day of November, 2010, at 9:00
     am.

6.   The removal of the child was necessary because

     See Addendum III.

7.   (Upon information and belief), said child is a neglected child in
     that: (Specify grounds of neglect under Section 1012 of the Family
     Court Act.)
     See Addendum I.

8.   (Upon information and belief),
     JODIE BENSON  , the Mother of said child
     MONTE THOMAS  , the Mother's Paramour of said child
     are the person's who are responsible for neglect of said child.

     Petitioner is required to obtain education information and to provide
that information to foster care providers and other parties to this
proceeding. Unless otherwise obtained by release, Petitioner thus seeks a
court order to obtain the education records (including special education
records) of each child named in this petition who is not placed with a
parent(s)/legal guardian(s), and a court order to provide such records to
service providers where such records are necessary to enable the service
provider to establish and implement a plan of service.

D.T

WHEREFORE, Petitioner prays that an order be made determining the said A.B to be a neglected child, otherwise dealing with said child in accordance with the provisions of Article 10 of the Family Court Act.

Dated: 11/16/2010

JOHN B. MATTINGLY
Petitioner

MICHAEL CARDOZO
Corporation Counsel
GILBERT A. TAYLOR
Sp. Asst. Corp Counsel

Signature of Attorney

NATHANIEL  GUINN of Counsel
Name

Administration for Children Services
330 JAY STREET
12TH FLOOR
BROOKLYN NY 11201
718-802-2790

Secs. 1012, 1031 F.C.A.                                (Child Protective)

FAMILY COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK, COUNTY OF KINGS

Attorney: GUINN, N
Judge:    LIM, A
------------------------------x

      In the Matter of       :    Docket No: <u>NN-34488-10</u>

D+    K.B                  :

                                :    PETITION NEGLECT CASE

A Child Under Eighteen Years      :
of Age Alleged to be Neglected by  :

JODIE BENSON               :
MONTE THOMAS             :
                                :    Child Protective Specialist:
                                :    CHARMAINE CORT
                                :    ACS #: 6110214
                                :    Unit #: 275-1
                                :    Telephone: 718-218-6392
                                :
_____   :
      Respondent (s)        :
------------------------------x

**NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD.**

      TO THE FAMILY COURT:

      The undersigned petitioner respectfully shows that:

1.  Petitioner JOHN B. MATTINGLY, Commissioner of Administration for Children's Services, a Child Protective Agency with offices at 150 William Street, New York, New York, is authorized to file a petition under Article 10 of the Family Court Act.

D.+  2.   K.B     is a male child under the age of eighteen years, having been born on 11/07/2007.

3.  Said child resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.

4.  The father of said child is
    UNKNOWN .

    The mother of said child is JODIE BENSON   who resides at 204
    BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.
    The mother's date of birth is 07/26/1979.  The other person legally
    responsible for the care of said child is MONTE THOMAS , Mother's
    Paramour, who resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY,
    11206

5.  Prior to the filing of this petition, pursuant to Family Court Act
    Section (1021) said child was removed from the custody of the
    parent(s) or other person(s) legally responsible for the care of said
    child without court order on the 12th day of November, 2010, at 9:00
    am.

6.  The removal of the child was necessary because

    See Addendum III.

7.  (Upon information and belief), said child is a neglected child in
    that: (Specify grounds of neglect under Section 1012 of the Family
    Court Act.)
    See Addendum I.

8.  (Upon information and belief),
    JODIE BENSON   , the Mother of said child
    MONTE THOMAS   , the Mother's Paramour of said child
    are the person's who are responsible for neglect of said child.

    Petitioner is required to obtain education information and to provide
that information to foster care providers and other parties to this
proceeding. Unless otherwise obtained by release, Petitioner thus seeks a
court order to obtain the education records (including special education
records) of each child named in this petition who is not placed with a
parent(s)/legal guardian(s), and a court order to provide such records to
service providers where such records are necessary to enable the service
provider to establish and implement a plan of service.

WHEREFORE Petitioner prays that an order be made determining the said K.B to be a neglected child, otherwise dealing with said child in accordance with the provisions of Article 10 of the Family Court Act.

Dated: 11/16/2010

JOHN B. MATTINGLY
Petitioner

MICHAEL CARDOZO
Corporation Counsel
GILBERT A. TAYLOR
Sp. Asst. Corp Counsel

Signature of Attorney

NATHANIEL GUINN of Counsel
Name

Administration for Children Services
330 JAY STREET
12TH FLOOR
BROOKLYN NY 11201
718-802-2790

Secs. 1012, 1031 F.C.A.                                    (Child Protective)

FAMILY COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK, COUNTY OF KINGS

Attorney: GUINN, N
Judge:    LIM, A
-----------------------------------x
            In the Matter of        :    Docket No: NN-34489-10
                                    :
    D.+   D.B                       :
                                    :    PETITION NEGLECT CASE
                                    :
A Child Under Eighteen Years        :
of Age Alleged to be Neglected by   :
                                    :
JODIE BENSON                        :
MONTE THOMAS                        :
                                    :    Child Protective Specialist:
                                    :    CHARMAINE CORT
                                    :    ACS #: 6110214
                                    :    Unit #: 275-1
                                    :    Telephone: 718-218-6392
                                    :
            _____        :
            Respondent (s)          :
-----------------------------------x

NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST
RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A
PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF
THE 15-MONTH PERIOD.
            TO THE FAMILY COURT:

        The undersigned petitioner respectfully shows that:

1.  Petitioner JOHN B. MATTINGLY, Commissioner of Administration for
    Children's Services, a Child Protective Agency with offices at 150
    William Street, New York, New York, is authorized to file a petition
    under Article 10 of the Family Court Act.

2.  D.B              is a male child under the age of eighteen years,
    having been born on 07/09/2009.

3. Said child resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.

4. The father of said child is
   UNKNOWN .

   The mother of said child is JODIE BENSON   who resides at 204
   BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.
   The mother's date of birth is 07/26/1979.  The other person legally
   responsible for the care of said child is MONTE THOMAS , Mother's
   Paramour, who resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY,
   11206

5. Prior to the filing of this petition, pursuant to Family Court Act
   Section (1021) said child was removed from the custody of the
   parent(s) or other person(s) legally responsible for the care of said
   child without court order on the 12th day of November, 2010, at 9:00
   am.

6. The removal of the child was necessary because

   See Addendum III.

7. (Upon information and belief), said child is a neglected child in
   that: (Specify grounds of neglect under Section 1012 of the Family
   Court Act.)
   See Addendum I.

8. (Upon information and belief),
   JODIE BENSON   , the Mother of said child
   MONTE THOMAS   , the Mother's Paramour of said child
   are the person's who are responsible for neglect of said child.

   Petitioner is required to obtain education information and to provide
that information to foster care providers and other parties to this
proceeding. Unless otherwise obtained by release, Petitioner thus seeks a
court order to obtain the education records (including special education
records) of each child named in this petition who is not placed with a
parent(s)/legal guardian(s), and a court order to provide such records to
service providers where such records are necessary to enable the service
provider to establish and implement a plan of service.

WHEREFORE, Petitioner prays that an order be made determining the said          D.B          to be a neglected child, otherwise dealing with said child in accordance with the provisions of Article 10 of the Family Court Act.

Dated: 11/16/2010

JOHN B. MATTINGLY
Petitioner

MICHAEL CARDOZO
Corporation Counsel
GILBERT A. TAYLOR
Sp. Asst. Corp Counsel

_____
Signature of Attorney

NATHANIEL  GUINN of Counsel
Name

Administration for Children Services
330 JAY STREET
12TH FLOOR
BROOKLYN NY 11201
718-802-2790

Secs. 1012, 1031 F.C.A.                              (Child Protective)

FAMILY COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK, COUNTY OF KINGS

Attorney: GUINN, N
Judge:   LIM, A
----------------------------------x
          In the Matter of        :    Docket No: NN-34490-10
                                  :
D.+       Z.B                     :
                                  :    PETITION NEGLECT CASE
                                  :
A Child Under Eighteen Years      :
of Age Alleged to be Neglected by :
                                  :
JODIE BENSON                      :
MONTE THOMAS                      :
                                  :    Child Protective Specialist:
                                  :    CHARMAINE CORT
                                  :    ACS #: 6110214
                                  :    Unit #: 275-1
                                  :    Telephone: 718-218-6392
                                  :
                                  :
_____  :
          Respondent (s)          :
----------------------------------x

**NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD.**

          TO THE FAMILY COURT:

          The undersigned petitioner respectfully shows that:

1.   Petitioner JOHN B. MATTINGLY, Commissioner of Administration for Children's Services, a Child Protective Agency with offices at 150 William Street, New York, New York, is authorized to file a petition under Article 10 of the Family Court Act.

D.+   2.   Z.B          is a female child under the age of eighteen years, having been born on 07/26/2010.

3.  Said child resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.

4.  The father of said child is
    UNKNOWN .

    The mother of said child is JODIE BENSON   who resides at 204
    BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.
    The mother's date of birth is 07/26/1979.  The other person legally
    responsible for the care of said child is MONTE THOMAS , Mother's
    Paramour, who resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY,
    11206

5.  Prior to the filing of this petition, pursuant to Family Court Act
    Section (1021) said child was removed from the custody of the
    parent(s) or other person(s) legally responsible for the care of said
    child without court order on the 12th day of November, 2010, at 9:00
    am.

6.  The removal of the child was necessary because

    See Addendum III.

7.  (Upon information and belief), said child is a neglected child in
    that: (Specify grounds of neglect under Section 1012 of the Family
    Court Act.)
    See Addendum I.

8.  (Upon information and belief),
    JODIE BENSON  , the Mother of said child
    MONTE THOMAS  , the Mother's Paramour of said child
    are the person's who are responsible for neglect of said child.

    Petitioner is required to obtain education information and to provide
that information to foster care providers and other parties to this
proceeding. Unless otherwise obtained by release, Petitioner thus seeks a
court order to obtain the education records (including special education
records) of each child named in this petition who is not placed with a
parent(s)/legal guardian(s), and a court order to provide such records to
service providers where such records are necessary to enable the service
provider to establish and implement a plan of service.

Secs. 1012, 1031 F.C.A.                                        (Child Protective)

                     FAMILY COURT OF THE STATE OF NEW YORK
                       CITY OF NEW YORK, COUNTY OF KINGS

Attorney: MCDOUGALL, N
Judge:    TURBOW, D
------------------------------------x
              In the Matter of         :    Docket No: NN-35755-11
                                       :
$\nu$+ $\mathcal{J}.\mathcal{B}$        :
                                       :    PETITION NEGLECT CASE
                                       :
A Child Under Eighteen Years           :
of Age Alleged to be Neglected by      :
                                       :
JODIE BENSON                           :
MONTE THOMAS                           :
                                       :    Child Protective Specialist:
                                       :    SHARON DA SILVA
                                       :    ACS #: 6110214
                                       :    Unit #: 172-S1
                                       :    Telephone: 718-218-8858
                                       :
_____        :
           Respondent (s)              :
------------------------------------x

**NOTICE: IF YOUR CHILD REMAINS IN FOSTER CARE FOR FIFTEEN (15) OF THE MOST
RECENT TWENTY-TWO (22) MONTHS THE AGENCY MAY BE REQUIRED BY LAW TO FILE A
PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF
THE 15-MONTH PERIOD.**
         TO THE FAMILY COURT:

         The undersigned petitioner respectfully shows that:

   1.  Petitioner Ronald E. Richter, Commissioner of Administration for
       Children's Services, a Child Protective Agency with offices at 150
       William Street, New York, New York, is authorized to file a petition
       under Article 10 of the Family Court Act.

$\mathcal{D}$.+   2.   $\mathcal{J}.\mathcal{B}$        is a female child under the age of eighteen years,
       having been born on 12/12/2011.

3.   Said child resides at 204 BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.

4.   The father of said child is
     or is alleged to be  MONTE THOMAS   who resides at 204 BUSHWICK
     AVENUE APT 5, BROOKLYN, NY, 11206.
     The father's date of birth is 01/04/1974.
     The mother of said child is JODIE BENSON   who resides at 204
     BUSHWICK AVENUE APT 5, BROOKLYN, NY, 11206.
     The mother's date of birth is 07/26/1979.

5.   (Upon information and belief), said child is a neglected child in
     that: (Specify grounds of neglect under Section 1012 of the Family
     Court Act.)
     See Addendum I.

6.   (Upon information and belief),
     JODIE BENSON   , the Mother of said child
     MONTE THOMAS   , the Legal Father of said child
     are the person's who are responsible for neglect of said child.

     Petitioner is required to obtain education information and to provide
that information to foster care providers and other parties to this
proceeding. Unless otherwise obtained by release, Petitioner thus seeks a
court order to obtain the education records (including special education
records) of each child named in this petition who is not placed with a
parent(s)/legal guardian(s), and a court order to provide such records to
service providers where such records are necessary to enable the service
provider to establish and implement a plan of service.

        WHEREFORE, Petitioner prays that an order be made determining the
said _J.B_____ to be a neglected child, otherwise dealing with said
child in accordance with the provisions of Article 10 of the Family Court
Act.

   Dated: 12/15/2011


                                 Ronald E. Richter
                                 Petitioner

                                 MICHAEL CARDOZO
                                 Corporation Counsel
                                 NANCY THOMSON
                                 Special Assistant Corp Counsel



                                 Signature of Attorney

                          NATASHA  MCDOUGALL of Counsel
                                        Name

                          Administration for Children Services
                          330 JAY STREET
                          12TH FLOOR
                          BROOKLYN NY 11201
                          718-802-2790

VERIFICATION

STATE OF NEW YORK      )
COUNTRY OF KINGS        SS.:

SHARON DA SILVA, being duly sworn, deposes and says that (s)he is employed by Administration for Children's Services, a Child Protective Agency; and is acquainted with the facts and circumstances of the above-entitled proceeding; that (s)he has read the foregoing petition and knows the contents thereof; that the same is true to (his) (her) own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters (s)he believes it to be true.

 

_____
                    Petitioner
Ronald E. Richter, Commissioner
Administration for Children's
Services
By: SHARON DA SILVA
Child Protective Specialist

Sworn to before me, this
15th day of December 2011

_____
Notary Public

**MONIQUE Y MCLEAN**
**Notary Public, State of New York**
**No. 01MC6248632**
**Qualified in BROOKLYN County**
**Commission Expires Sep 19, 2015**

Exhibit C

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on
December 10, 2010

PRESENT:   Hon. Stewart H. Weinstein

In the Matter of

J.B        DOB: 2/3/2003),
A.B        (DOB: 8/17/2005),
K.B        DOB: 11/7/2007),
D.B        (DOB: 7/9/2009),
Z.B        (DOB: 7/26/2010),

Children under Eighteen Years of Age
Alleged to be Neglected by

Jodie Benson,
Monte Thomas,

                              Respondents.

File #:        65485
Docket #:   NN-34486-10
               NN-34487-10
               NN-34488-10
               NN-34489-10
               NN-34490-10

CPS #:        6110214

               ORDER

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS
ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT
IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY
THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE CHILD'S
ATTORNEY UPON THE APPELLANT, WHICHEVER IS EARLIEST.

        IT IS ORDERED that the 1028 application is withdrawn as to the subject child Davion, and
order of removal and remand for this child to the Commissioner of the Administration for Children's
Services is continued.

        The order of removal and remand to the Administration for Children's Services for the child,
Zyleah, is continued.

        At the conclusion of the hearing, the respondent mother's 1028 application for the return of
the children, Angela, Jocelyn, and Kendall, to her care and custody is granted, and the children,
Angela, Jocelyn, and Kendall, are released to the respondent mother under ACS supervision, and
upon the following terms and conditions.

ACS must provide the following services:

        (1) Bi-weekly home visits until the adjourn date of January 19, 2011.

        (2) Meet with the respondent mother and the guidance counselor, Ms. Difiglio, face to face
to arrange for assistance in having the children picked up in the morning if the lateness' continue.

        (3) Refer the respondent mother to a parenting skills program and preventive services.

Page: 2 of 2
Docket No: NN-34486-10
NN-34487-10
NN-34488-10
NN-34489-10
NN-34490-10
Order

(4) ACS shall consult regularly with the school personnel for updates on the children's attendance and appearances.

The respondent mother shall cooperate with supervision by ACS, including announced and unannounced visits by the ACS/agency caseworker.

The respondent mother shall comply with all of these services and the ongoing evaluations of the children, plus with all recommended treatment and services.

Although the evidence establishes neglect, any risk to the children's life or health can be adequately addressed with intensive case supervision.

It is further ordered:

The respondent mother shall comply with the terms of a Temporary Order of Protection stating that she shall not use any discipline/physical punishment upon the children.

(2) The children's uncle, Randy Benson, shall not be permitted in the home.

(3) Random drug testing and treatment if there are any positive results.

These matters are adjourned to January 19, 2011 at 10am in part 18a for preliminary conference follow up

Dated: December 10, 2010          ENTER

Hon. Stewart H. Weinstein

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____

Page:
Docket No: NN-34486-10,NN-34487-10,NN-34488-10,NN-34489-10,NN-34490-10
GF5 20(

[02]   Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense against  J.B , A.B , K.B , D.B , Z.B

D.T

SHALL BE NO PHYSICAL PUNISHMENT OF ANY OF THE CHILDREN.;

It is further ordered that this Temporary Order Of Protection shall remain in force until and including  January 19, 2011;

Dated:        December 10, 2010,                          ENTER

Honorable Stewart H. Weinstein

The Family Court Act provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires, the officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

Federal law requires that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C. §§2265, 2266).

It is a federal crime to:
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess, or transfer a handgun, rifle, shotgun, or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Page: 3

Docket No: NN-34486-10,NN-34487-10,NN-34488-10,NN-34489-10,NN-34490-10

GF3 2009

Check Applicable Box(es):

[X]    Party against whom order was issued was advised in Court of issuance and contents of Order.

{ }    Order personally served in Court upon party against whom order was issued

[X]    Service directed by Petitioner to Arrange

[ ]    [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]: _____

{ }    Warrant issued for party against whom order was issued [specify date]: _____

JUDGE'S NOTES

CHILD'S NAME: _Benson_     DKT NUMBER: N34986 96/10

APPEARANCE DATE: _2 Dec 10_     FILE NUMBER: _____

ATTENDANCE
☐ Petitioner   ☐ Respondent _MHuy_     ☐ Respondent _____
☒ Petr Atty. _Guinn_     ☒ Resp Atty. _Basak (m)_     ☒ Resp Atty. _Utsey (f_
☒ Law Guardian _Bingham_     ☐ Other _____     ☐ Other C/W ACS/

NOTES _Hearing not cont today_

Eval'tion - shll cont
Eval'tion - next scheduled for 12/7 -     -A.B     D.+

Order
ACS to follow-up with Evaluator for the subject children - A.B     D.+
J.B - and to provide counsel with written report when     D.+
find and ACS chther report
Remand Cont - (3) ACS to cont to explore all resources and report to the Court
Adj 12/10/110 at 10:00 11:30 am for Cont 1028

Utsey: excused for 12/10/10. His client will participate in 1028 hearing.
Counsel has next court date in Part 18 --
Report from Edwin Gould - dated 12/1/10 - submitted

Adj 12/10/10 at 11:30
for Cont 1028

_Fred Hauttur Refuee_

PAGE _____ OF _____

Exhibit D ■

FAMILY COURT of the STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------------------X

In the Matter of

**AFFIRMATION**

J. B
A. B
K. B

D.+
D.+
D.+

Docket No. NN-34487-10
NN-34486-10
NN-34488-10

Children under the Age of Eighteen Years of Age
Alleged to be Neglected by

    JODIE BENSON
    MONTE BENSON

Hon. Stewart Weinstein, FCJ
Part 1

--------------------------------------------------------------X

    KIER MCAULAY, Esq., affirms the following under penalty of perjury, that:

1. I am of Counsel to GILBERT TAYLOR, Esq., Special Assistant Corporation Counsel to MICHAEL D. CARDOZO, Esq., Corporation Counsel of the City of New York, and as such, counsel for the petitioner herein.

2. The within child protective proceeding was commenced on November 16, 2010 with the filing of a petition pursuant to

4

Article 10 of the Family Court Act ("FCA").  A copy of petitions is attached hereto as Exhibit A.

3.    On December 10, 2001 the subject children were released the respondent mother, Jodie Benson, at the conclusion of a hearing by the Family Court, Hon. Weinstein presiding. release of the subject children was conditional on respondent mother complying with certain terms and condit set by the Court.  These conditions include, among other thi that the respondent mother enforces an order of protec excluding the respondent mother's brother, Randy Benson, the home.

4.    As detailed in the affidavit of CPS Benson, hereto att as Exhibit B, the respondent mother has not enforced the of protection excluding Randy Benson from the home.  On or December 14, 2010 CPS Benson visited the home and found Benson alone with the subject children J.B, A.B, K.B           A half an hour later the respondent PLR Thomas returned to the apartment Randy Benson left.  On or December 14, 2010 CPS Cort went to the subject children's and was told by the subject children J.B and A.B that Randy Benson had spent the night at the home.  CPS observed the children to be wearing the same clothing that

D.+
D.+

D.+

were wearing the previous day. Jocelyn stated that she had had a bath since returning to their mother's care on Dec 10, 2010.

5. The next scheduled Court appearance is on January 19, at 11:00 AM in Part 18A for a preliminary conference.

6. It is the petitioner's position that the totality o circumstances of this case leads to the conclusion that subject children J.B, A.B and K.B are facing an imminent risk to their or health if remain in the care of either of the respondent mother and in the best interest of the children for them to be placed the Commissioner of ACS.

WHEREFORE, it is respectfully requested that the grant petitioner's request in its entirety, and grant such and further relief as this court deems just and proper.

Dated: December 15, 2010
        Brooklyn, NY


KIER MCAULAY, Esq.

FAMILY COURT of the STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
In the Matter of

ORDER TO SHOW CAUSE

J. B
A. B
K. B

Docket No. NN-34487-10
NN-34486-10
NN-34488-10

a Child under the Age of Eighteen Years
of Age Alleged to be Neglected by

JODIE BENSON
MONTE THOMAS

Hon. Stewart Weinstein,
FCJ
Part 1

-----------------------------------------------------------------X


Upon the annexed affirmation of Kier McAulay, Esq., the

Exhibits annexed thereto, and all of the papers and proceedings

heretofore had herein, and good and sufficient cause appearing,

Let Respondents and Law Guardian show cause before this court at

Part 17, thereof, located at the courthouse at 330 Jay Street,

Brooklyn, New York on the      day of           , 2010, at  _____

o'clock in the  _____noon of that day, or as soon thereafter as

counsel may be heard, why an order should not be made pursuant

to the Family Court Act, sections 1027, 1061:

F.C.A §§1017, 1027

Removal Order (Child Protective) 12/05

At a term of the Family Court of the State of New York, held in and for the County of _Kings_ , at _330 Jay St._ _Brooklyn_ New York on _12/15/10_.

PRESENT:

Hon. _S. Dangff_
                                    Judge

In the Matter of

_K.B_          _DT_

A Child Under the Age of Eighteen
Alleged to be (Abused) (and) (Neglected) by

_Jodie Benson_
_Monte Thomas_

          Respondent(s)

Docket #: _NN-34488/10_

ACS #: _6110214_

ORDER (Directing Temporary
Removal of Child-After Petition Filed)

 A Petition under Article 10 of the Family Court Act having been filed with this Court alleging that the above-named child is (a)(an) (neglected child) (abused child) (severely or repeatedly abused child); and a preliminary hearing having been held by this Court pursuant to Section 1027 of the Family Court Act; and the following person(s) having appeared (with)(without) counsel herein to determine whether the child's interests require protection pending a final order of disposition; and the Court having determined that:

a. Said child's interests (do) (do not) require protection pending a final order of disposition and that continuation of residence by the child in the child's home (would) (would not) be contrary to the welfare and best interests of the child and that temporary removal of said child from (this)(her) place of residence (is) (is not) necessary to avoid imminent risk to said child's life or health. Continued placement of the child in (his)(her) home would be contrary to the welfare and best interests of the child because: (be specific) _Allegedly The responders fail to provide adequate food, clothing and supervision and have knowingly violated court orders of protection._

b. Imminent risk to the child(ren) (would) (would not) be eliminated by the issuance of an order of protection directing the removal of _The Responders_                          from the child's residence; and

c. ☒ Reasonable efforts were made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home. The specific efforts made were: _ACS has refered the responders to services gotten court orders of protection and supervised the home._                                          ?

 ☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home but the lack of such efforts was reasonable and appropriate under the circumstances. **The specific reasons why it was not reasonable and appropriate to make such efforts are:** _____

_____

 ☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home.

d. Reasonable efforts (were) (were not) made to make it possible to return the child home safely; and

e. The Respondent (was) (was not) present at the hearing of this application; and

f. Respondent who was not present was given notice by (                    ); and

g. The removal is necessary because_____

COURT COPY

F.C.A §§1017, 1027
Page 2 of 2

Removal Order (Child Protective) 12/05

Docket #: NN-344 88/10

Child Name: K . B     D.+

h. The removal was made pursuant to Family Court Act Section (1021) (1022) (1024); and

i. Based upon the investigation conducted by the Commissioner of Social Services it appears that [specify name] _____
_____ is a suitable person related to the child with whom such child may appropriately reside and such person (seeks approval as a foster parent pursuant to the Social Services Law for the purposes of providing care for such child) (wishes to provide care and custody for the child without foster care subsidy during the pendency of any orders herein) (there is no suitable person related to the child with whom such child may appropriately reside.)

NOW therefore, it is [delete inapplicable provision]:

(ORDERED that the application for protection is hereby denied); (and it is further)

(ORDERED that said _____ be released to the custody of _____ , said child's parent(s) or other person legally responsible for said child's care (under the supervision of _____)); (and it is further)

(ORDERED that said _____ be temporarily removed from the place where said child is residing by any peace officer or agent of a duly authorized agency, society or institution and that said child be brought to _____ pending further proceedings herein;) (and it is further)

(ORDERED that said Subject Child be placed in the custody of The Commissioner of ACS pending further proceedings herein;) (and it is further)

(ORDERED that ( _____ Hospital) ( _____ M.D.) is hereby authorized to provide such emergency medical or surgical procedures for the said child as may be necessary to safeguard the child's life or health; and it is further

(ORDERED that the child protective agency shall (provide)(arrange for) the following services or assistance to the (child) (child's family) pursuant to section 1015-a or 1022(c) of the Family Court Act [specify]: _____ ); (and it is further)

(ORDERED that if the child remains in foster care or is directly placed pursuant to Section 1017 or 1055 of the Family Court Act, a permanency hearing shall be held on the following date certain: 7/12/11 ) (and it is further)

(ORDERED ).

Dated: 12/15/10

ENTER

J.F.C.

NOTICE:
PLACEMENT OF YOUR CHILD IN FOSTER CARE MAY RESULT IN THE LOSS OF YOUR PARENTAL RIGHTS TO YOUR CHILD. IF YOUR CHILD STAYS IN FOSTER CARE FOR 15 OF THE MOST RECENT 22 MONTHS, THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD. ADDITIONALLY, IF SEVERE OR REPEATED ABUSE IS PROVEN BY CLEAR AND CONVINCING EVIDENCE, THIS FINDING MAY CONSTITUTE THE BASIS TO TERMINATE YOUR PARENTAL RIGHTS.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:   ☐Order mailed on (specify date(s) and to whom mailed ):_____
                         ☐Order received in court on (specify date(s) and to whom given):_____

COURT COPY

F.C.A §§1017, 1027                          Removal Order (Child Protective) 12/05

At a term of the Family Court of the State of New York, held in and for the County of _Kings_ _12/15/10_ at _330 JcY, JT_ _Brooklyn_ New York on _12/15/10._

**P R E S E N T :**

Hon. _S. Danoff_
                           Judge

...............................................

In the Matter of                           Docket #: _NN-34487/10_

**𝒟·+**   _P.B_                           ACS #: _6110214_

A Child Under the Age of Eighteen
Alleged to be (Abused) (and) (Neglected) by

_Jodie Benson_                             **ORDER (Directing Temporary**
_Monte Thomas_                             **Removal of Child-After Petition Filed)**

             Respondent(s)

...............................................

A Petition under Article 10 of the Family Court Act having been filed with this Court alleging that the above-named child is (a)(an) (neglected child) (abused child) (severely or repeatedly abused child); and a preliminary hearing having been held by this Court pursuant to Section 1027 of the Family Court Act; and the following person(s) having appeared (with)(without) counsel herein to determine whether the child's interests require protection pending a final order of disposition; and the Court having determined that:

a.  Said child's interests (do) (do not) require protection pending a final order of disposition and that continuation of residence by the child in the child's home (would) (would not) be contrary to the welfare and best interests of the child and that temporary removal of said child from (his)(her) place of residence (is) (is not) necessary to avoid imminent risk to said child's life or health.  Continued placement of the child in (his)(her) home would be contrary to the welfare and best interests of the child because: (be specific) _Allegedly the respondents fail to provide adequate food, clothing and supervision and have knowingly violated court orders of protection._

b. Imminent risk to the child(ren) (would) (would not) be eliminated  by the issuance of an order of protection directing the removal of _The respondents_____from the  child's residence; and

c.  ☒ Reasonable efforts were made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home.  The specific efforts made were: _ACS has referred the parents to service) gotten court orders of protection and supervised the home._

☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home but the lack of such efforts was reasonable and appropriate under the circumstances.  **The specific reasons why it was not reasonable and appropriate to make such efforts are:** _____

_____

☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home.

d. Reasonable efforts (were) (were not) made to make it possible to return the child home safely; and

e. The Respondent (was) (was not) present at the hearing of this application; and

f. Respondent who was not present was given notice by (                    ); and

g. The removal is necessary because_____

COURT COPY

F.C.A §§1017, 1027
Page 2 of 2

Removal Order (Child Protective) 12/05

Docket #: NN-34487/10

Child Name: A.B

h. The removal was made pursuant to Family Court Act Section (1021) (1022) (1024); and

i. Based upon the investigation conducted by the Commissioner of Social Services it appears that [specify name] _____
_____ is a suitable person related to the child with whom such child may appropriately reside and such person (seeks approval as a foster parent pursuant to the Social Services Law for the purposes of providing care for such child) (wishes to provide care and custody for the child without foster care care subsidy during the pendency of any orders herein) (there is no suitable person related to the child with whom such child may appropriately reside.)

NOW therefore, it is [delete inapplicable provision]:

(ORDERED that the application for protection is hereby denied); (and it is further)

(ORDERED that said _____ be released to the custody of _____, said child's parent(s) or other person legally responsible for said child's care (under the supervision of _____ )); (and it is further)

(ORDERED that said _____ be temporarily removed from the place where said child is residing by any peace officer or agent of a duly authorized agency, society or institution and that said child be brought to _____ pending further proceedings herein;) (and it is further)

(ORDERED that said Subject Child be placed in the custody of the Commissioner of ACS pending further proceedings herein;) (and it is further)

(ORDERED that ( _____ Hospital) ( _____ M.D.) is hereby authorized to provide such emergency medical or surgical procedures for the said child as may be necessary to safeguard the child's life or health;) and it is further

(ORDERED that the child protective agency shall (provide)(arrange for) the following services or assistance to the (child) (child's family) pursuant to section 1015-a or 1022(a) of the Family Court Act [specify]: _____ ); (and it is further)

(ORDERED that if the child remains in foster care or is directly placed pursuant to Sections 1017 or 1055 of the Family Court Act, a permanency hearing shall be held on the **following date certain:** 7/12/11 _____ ) (and it is further)

(ORDERED _____ ).

Dated: 12/15/10

ENTER _____

J.F.

NOTICE:
PLACEMENT OF YOUR CHILD IN FOSTER CARE MAY RESULT IN THE LOSS OF YOUR PARENTAL RIGHTS TO YOUR CHILD. IF YOUR CHILD STAYS IN FOSTER CARE FOR 15 OF THE MOST RECENT 22 MONTHS, THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD. ADDITIONALLY, IF SEVERE OR REPEATED ABUSE IS PROVEN BY CLEAR AND CONVINCING EVIDENCE, THIS FINDING MAY CONSTITUTE THE BASIS TO TERMINATE YOUR PARENTAL RIGHTS.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:       ☐Order mailed on [specify date(s) and to whom mailed ]:_____
                            ☐Order received in court on [specify date(s) and to whom given]:_____

COURT COPY

(a) Placing the subject children   J.B  ,  A.B ,  AND   K.B        with the Commissioner of the Administration for Children's Services; and

(b) for such other and further relief as this court deems just and proper; **and it is furthermore ORDERED,** that pending the return date, the order of the Family Court dated December 10, 2010, releasing the subject children   J.B  A.B   AND   K.B         to the respondent mother under the supervision of the Administration for Children's Services is hereby vacated and that interim relief be granted in that the subject child is remanded to the temporary custody of the Commissioner of the Administration for Children's Services.

GOOD AND SUFFICIENT CAUSE APPEARING, let service of a copy of this order, together with the papers upon which it was granted, upon counsel for the respondent and the Law Guardian, pursuant to CPLR sections 2103, on or before the     day of , 2010, be deemed good and sufficient service.  Opposition papers shall be delivered to chambers by the     day of         , 2010.

                              E N T E R :

                              _____
                              J.F.C.

2

F.C.A §§1017, 1027

Removal Order (Child Protective) 12/05

At a term of the Family Court of the State of New York, held in and for the County of K in g s, at 330 Jay St Brooklyn   New York on 12/15/10.

PRESENT:

Hon. S. Danoff

Judge

In the Matter of

D.+

J.B

A Child Under the Age of Eighteen
Alleged to be (Abused) (and) (Neglected) by

Jodie Benson
Monte Thomas

Respondent(s)

Docket #: NN-34486/10

ACS #: 6110214

ORDER (Directing Temporary
Removal of Child-After Petition Filed)

A Petition under Article 10 of the Family Court Act having been filed with this Court alleging that the above-named child is (a)(an) (neglected child) (abused child) (severely or repeatedly abused child); and a preliminary hearing having been held by this Court pursuant to Section 1027 of the Family Court Act; and the following person(s) having appeared (with)(without) counsel herein to determine whether the child's interests require protection pending a final order of disposition; and the Court having determined that:

a.  Said child's interests (do) (do not) require protection pending a final order of disposition and that continuation of residence by the child in the child's home (would) (would not) be contrary to the welfare and best interests of the child and that temporary removal of said child from (this)(her) place of residence (is) (is not) necessary to avoid imminent risk to said child's life or health.  Continued placement of the child in (this)(her) home would be contrary to the welfare and best interests of the child because: (be specific) Allegedly the respondents fail to provide adequate food, clothing and supervision and have knowingly violated court orders of protection

b.  Imminent risk to the child (has) (would) (would not) be eliminated  by the issuance of an order of protection directing the removal of The respondents _____ from the child's residence; and

c.  ☒ Reasonable efforts were made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home.  The specific efforts made were: ACS has referred the parents to service, gotten court order of protection and supervised the home

☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home but the lack of such efforts was reasonable and appropriate under the circumstances.  The specific reasons why it was not reasonable and appropriate to make such efforts are: _____

☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home.

d.  Reasonable efforts (were) (were not) made to make it possible to return the child home safely; and

e.  The Respondent (was) (was not) present at the hearing of this application; and

f.  Respondent who was not present was given notice by ( _____ ); and

g.  The removal is necessary because _____

COURT COPY

F.C.A §§1017, 1027
Page 2 of 2

Removal Order (Child Protective) 12/05

Docket #: NN-34486/10

Child Name: J. B

D.+

h. The removal was made pursuant to Family Court Act Section (1021) (1022) (1024); and

i. Based upon the investigation conducted by the Commissioner of Social Services it appears that [specify name] _____ _____ is a suitable person related to the child with whom such child may appropriately reside and such person (seeks approval as a foster parent pursuant to the Social Services Law for the purposes of providing care for such child) (wishes to provide care and custody for the child without foster care subsidy during the pendency of any orders herein) (there is no suitable person related to the child with whom such child may appropriately reside.)

NOW therefore, it is [delete inapplicable provision]:

(ORDERED that the application for protection is hereby denied); (and it is further)

~~(ORDERED that said _____ be released to the custody of _____, said child's parent(s) or other person legally responsible for said child's care (under the supervision of _____)); (and it is further)~~

~~(ORDERED that said _____ be temporarily removed from the place where said child is residing by any peace officer or agent of a duty authorized agency, society or institution and that said child be brought to _____ pending further proceedings herein;) (and it is further)~~

(ORDERED that said Subject Child be placed in the custody of The Commissioner of ACS pending further proceedings herein;) (and it is further)

~~(ORDERED that ( _____ Hospital) ( _____ M.D.) is hereby authorized to provide such emergency medical or surgical procedures for the said child as may be necessary to safeguard the child's life or health;) and it is further~~

~~(ORDERED that the child protective agency shall (provide)(arrange for) the following services or assistance to the (child) (child's family) pursuant to section 1015-a or 1022(c) of the Family Court Act [specify]; _____ ); (and it is further)~~

(ORDERED that if the child remains in foster care or is directly placed pursuant to Section 1017 or 1055 of the Family Court Act, a permanency hearing shall be held on **the following date certain:** 7/12/11 ) (and it is further)

(ORDERED ).

Dated: 12/15/10

ENTER

[signature]
J.C.

NOTICE:
PLACEMENT OF YOUR CHILD IN FOSTER CARE MAY RESULT IN THE LOSS OF YOUR PARENTAL RIGHTS TO YOUR CHILD. IF YOUR CHILD STAYS IN FOSTER CARE FOR 15 OF THE MOST RECENT 22 MONTHS, THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD. ADDITIONALLY, IF SEVERE OR REPEATED ABUSE IS PROVEN BY CLEAR AND CONVINCING EVIDENCE, THIS FINDING MAY CONSTITUTE THE BASIS TO TERMINATE YOUR PARENTAL RIGHTS.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:      □ Order mailed on [specify date(s) and to whom mailed ]:_____
                          □ Order received in court on [specify date(s) and to whom given]:_____

COURT COPY

Exhibit E ■

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on June
20, 2013

**PRESENT:** Hon. Lillian Wan

In the Matter of

T. T
J. B
Z. B
D. B
K. B
A. B
J. B

Children under Eighteen Years of Age
Alleged to be Neglected by

**Jodie Benson,**
**Monte Thomas,**

Respondents.

| | |
|---|---|
| **File #:** | 65485 |
| **Docket #:** | NN-08277-13 |
| | NN-34486-10 |
| | NN-34487-10 |
| | NN-34488-10 |
| | NN-34489-10 |
| | NN-34490-10 |
| | NN-35755-11 |
| **CPS #:** | 6110214 |
| | **ORDER** |

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS
ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT
IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY
THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY
FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

IT IS ORDERED that;

On consent of all parties, all of the subject children are temporarily released to the respondent mother
and respondent father under ACS supervision upon the following terms and conditions:

▸ Respondent-mother and respondent-father are to cooperate with PPRS including at least
   twice a month home visits and office visits;
▸ Respondent-mother and respondent-father are to ensure that D. B continues to receive his
   CPSE services including the annual review/IEP meeting. The respondents are to notify all
   counsel, including the attorney for D. B, at least 5 days prior to the scheduled meeting;
▸ Respondent-mother and respondent-father are to ensure that D. B continues to receive
   play therapy. ACS to refer the subject child for play therapy at school or a program closer
   to the respondents' home. The respondents are to ensure that D. B continue therapy at
   Brooklyn Family Psychological Services until a new place is located;
▸ ACS to refer D. B for a neurological evaluation and notify counsel at least 10 days before
   it is scheduled and the respondents are to comply with the neurological exam. ACS is to
   provide all medical records to the neurologist and the respondents;
▸ Respondent-mother and Respondent-father are to follow any recommendations made in the
   neurological evaluation.

Page: 2 of 2
Docket No: NN-08277-13
NN-34486-10
NN-34487-10
NN-34488-10
NN-34489-10
NN-34490-10
NN-35755-11
Order

▸ Respondent-mother and respondent-father are to ensure that all school aged children attend school regularly and on time;

▸ Respondent-mother and respondent-father are to ensure that all children keep regular medical appointments;

▸ Respondent-mother and respondent-father are to ensure that J.B and A.B continue receiving individual therapy as long as it is deemed necessary by the therapists;

▸ Respondent-mother and respondent-father are to maintain suitable housing;

▸ Respondent-mother and respondent-father are to maintain a source of income;

▸ Respondent-mother is to continue with mental health services as long as it is recommended by the mental health provider;

▸ Respondent-mother and respondent-father are to produce the children for their attorney and/or the social worker upon request; and

▸ Respondent-mother and respondent-father are to sign all releases so that the attorney for the children or the attorney's social worker can speak to and obtain information from all the children's service providers; and it is further

ORDERED that ACS is to provide all foster care agency records to the attorney for the children and the respondents.

**Dated:** June 20, 2013                           **ENTER**


Hon. Lillian Wan


CC:    Amanda Jean D'Orazi, Esq., ACS/DLS
        Richard Alan Munn, Esq., Attorney for Child
        Piyali Basak, Esq.
        Virginia Ann Geiss, Esq.

Exhibit F ■

F.C.A. §§ 1027, 1028

10-2b
(Child Protective-Order Terminating Remand)
8/2010

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on July
26, 2012

**PRESENT:** Hon. Alan Beckoff

In the Matter of

J.B
A.B
K.B

Children under Eighteen Years of Age
Alleged to be Neglected by

**Jodie Benson,**
**Monte Thomas,**

Respondents.

| | |
|---|---|
| **File #:** | 65485 |
| **Docket #:** | NN-34486-10 |
| | NN-34487-10 |
| | NN-34488-10 |
| **CPS #:** | 6110214 |

**ORDER TERMINATING REMAND**

An order dated November 16, 2010, having been entered directing that J.B, A.B , and K.B children under the age of eighteen, be remanded to Commissioner of Social Services, pending determination of the above-entitled proceeding,

NOW therefore, it is hereby

ORDERED that the order of remand is hereby terminated; and it is further

ORDERED that the above-named child be released to the temporary custody of Jodie Benson and Monte Thomas, the children's parent; and it is further

ORDERED that the release be under the supervision of New York City Children Services pending further proceedings herein; and it is further

ORDERED that:

- **Ms. Benson to have a psychological evaluation and follow up on the recommendations. New York city children Services to make an immediate referral;**
- **Mr. Thomas to have a psychological evaluation and follow up on the recommendations. New York city children Services to make an immediate referral;**
- **Ms. Benson and Mr. Thomas are to ensure that** J.B, A.B **o continue counseling with their current therapists;**

Page: 2 of 2
Docket No: NN-34486-10
NN-34487-10
NN-34488-10
10-2b

D.† 
- New York City Children Services/agency to assist Ms. Benson and Mr. Thomas in enrolling the subject-child J.B , A.B   the appropriate school setting and with arranging bussing to and from school if necessary;
- both respondents to comply with weekly home visits, both announced and unannounced; New York City Children Services to make best efforts to coordinate visiting schedule;
- Ms. Benson and Mr. Thomas are to maintain suitable housing;
- Ms. Benson and Mr. Thomas are to maintain a source of income;
- Ms. Benson and Mr. Thomas are to ensure that all the subject-children keep regular medical appointments;
- Ms. Benson and Mr. Thomas are to ensure that all school age children attend school regularly and on time;
- Ms. Benson and Mr. Thomas to cooperate with PPRS;
- Ms. Benson and Mr. Thomas to ensure that they will fulfill all child care responsibilities;
- Ms. Benson and Mr. Thomas to produce the subject-children for their attorney an/or social worker upon request;
- Ms. Benson and Mr. Thomas to ensure that any child who has an accident or sustains an injury is taken to the doctor and/or emergency room immediately unless other wise directed by a physician and that they provide written documentation of the medical visit or consultation; and
- New York City Children Services to provide Metro cards for parents to get their children to their Summer day camp through August 19th, 2012.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Dated: July 26, 2012                    ENTER

_____
Hon. Alan Beckoff

CC:    Nicole Pathy Bingham, Esq., Attorney for Child
       Piyali Basak, Esq.
       Susan Carol Iannelli, Esq.
       Amanda Jean D'Orazi, Esq., ACS/DLS

Exhibit G

F.C.A.§§ 1039, 1058

10-8 08/2010

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on
January 6, 2014

**PRESENT:**   Hon. Lillian Wan

In the Matter of

D.+  J.B
D.+  A.B
D.+  K.B
D.+  D.B
D.+  Z.B
D.+  J.B
D.+  T.T

Children under Eighteen Years of Age
Alleged to be Neglected by

**Monte Thomas, ( A.K.A. Dermont Thomas )**
**Jodie Benson,**

                                   Respondents.

**File #:**       65485
**Docket #:**   NN-34489-10
                     NN-34488-10
                     NN-34487-10
                     NN-34486-10
                     NN-08277-13
                     NN-35755-11
                     NN-34490-10

**CPS #:**      6110214
**AMENDED APRIL 8, 2014**
**ORDER**
**(ADJOURNMENT IN**
**CONTEMPLATION OF**
**DISMISSAL)**
*BOTH RESPONDENT'S*

        The petition of ACS-Kings under Article 10 of the Family Court Act, having been filed in
this Court on November 16, 2010, alleging that the children,   J.B, A.B, K.B,
D.+  D.B, Z.B, J.B, T.T
                        are neglected;

        And Petitioner, Respondents and counsel for Respondents and the children's attorney(s) or
Attorney(s) for the Children having appeared before this Court;

        And the matter not yet having come on for a fact-finding hearing before this Court;

        And Petitioner, Respondents and the children's attorney(s) or Attorney(s) for the Children
having consented that this proceeding be adjourned in contemplation of dismissal;

        **Now, therefore, upon the motion of Petitioner, it is hereby**
        ORDERED that the petition herein is adjourned in contemplation of dismissal until March
20, 2014, upon the following terms and conditions with a view to ultimate dismissal of the petition
in furtherance of justice:
  •   On consent of all parties, case against respondents is ACD'd with ACS supervision
        until March 20, 2014,
  •   The respondents are to cooperate with ACS supervision including announced and
        unannounced visits.

NN-34488-10
NN-34487-10
NN-34486-10
NN-08277-13
NN-35755-11
NN-34490-10
10-8

- The respondents are to maintain all medical and educational appointments for the children, including continuing the CPSE evaluation process for Z.B and D.t continuing the current services for D.B , at his school. D.t
- The respondents are to cooperate with preventive services.
- 30 day report to be submitted 30 days prior to the expiration of the ACD

and it is further

ORDERED that during the period of adjournment, the child shall reside in the custody of Respondent mother and Respondent father;

ORDERED that the child protective agency shall make a progress report to the court, parties, their attorneys, the non-respondent parent and the Attorney for the Child on the implementation of this order no later than ninety (90) days from the date of this order and shall make further reports as follows: ; and it is further

ORDERED that, if the proceeding has not been restored to the calendar and if no application for restoration is pending as of the expiration date of this order and if this order has not been extended, the child protective agency shall report to the Court, the Attorney for the Child, the parties, their attorneys and the non-respondent parent on the status and circumstances of the child and family and any actions contemplated, if any, by the agency with respect to the child and family; and it is further

ORDERED that, if the proceeding has not been restored to the calendar and if no application for restoration is pending as of the expiration date of this order and if this order has not been extended, the petition shall be deemed dismissed in furtherance of justice.

**Dated:** January 6, 2014                    **ENTER**

Hon. Lillian Wan

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]: _____
☐ Order received in court on [specify date(s) and to whom given]: _____