UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

DERMONT THOMAS,

                            Plaintiff,

- versus -

THE CITY OF NEW YORK, THE DEPARTMENT OF EDUCATION, GINA DIGGLIO, THE ADMINISTRATION FOR CHILDREN SERVICES, CATHY CHIOU, CHARMAINE CORT, V. GRANT, KIER MCAULY, ESQ., MICHAEL D. CARDOZO, ESQ., NEW YORK CITY POLICE DEPARTMENT, JOHN DOE P.O., and JOHN DOE, P.O.,

                            Defendants.

MEMORANDUM AND ORDER
15-CV-3236 (JG)(CLP)

JOHN GLEESON, United States District Judge:

On June 3, 2015, plaintiff Dermont Thomas, appearing *pro se*, filed this action against defendants challenging the removal of his children. I grant Thomas's request to proceed *in forma pauperis*, and I direct him to file an amended complaint as set forth below.

BACKGROUND

Thomas alleges that on November 12, 2010, Gina Digglio, a guidance counselor at P.S. 196 employed by the Department of Education ("DOE"), reported to the Administration for Children's Services ("ACS")[1] that two of Thomas's children were being neglected. Compl. at 7.[2] Later that evening, Charmaine Cort and V. Grant of ACS visited Thomas's home in response to the neglect report, "illegally search[ed] said premises" and along with unidentified Police Officers removed five children from the home. *Id.* Thomas alleges that the five children were strip searched at Bellevue Hospital and then placed in foster care. *Id.* Family Court

---

       [1]      Thomas refers to this agency as "The Administration for Children Services."
      [2]      For the purposes of this Memorandum and Order, I reference the complaint using the page numbers generated by the court's electronic filing system (ECF).

1

proceedings were commenced against Thomas and Jodie Benson, the mother of the children. *Id.* at 8.

On December 10, 2010, three of the children were returned to Thomas and Benson pursuant to a Family Court Order. *Id.* at 8-9. On December 16, 2010, the Family Court directed that those three children be removed again from the home based on Thomas's violation of a Family Court Order. *Id.* On December 15, 2011, Thomas's infant daughter was removed from Woodhull Hospital, days after being born, pursuant to another Family Court Order. *Id.* at 10. On July 26, 2012, the Family Court ordered the three oldest children returned to Thomas and Benson under the supervision of ACS. *Id.* On June 24, 2013, the Family Court ordered the three youngest children returned to Thomas and Benson. *Id.* On March 20, 2014, the Family Court dismissed the ACS petitions against Thomas and Benson. *Id.* at 11.

Thomas now files this action alleging that defendants DOE and Gina Digglio "deviated from policies and procedures of" the Chancellors Regulation, the Student Bill of Rights, the Students Disciplinary Code of Conduct, the Board of Education Rules of Conduct, and DOE Policy. *Id.* at 11-14. Thomas further argues that "the illegal seizure of the plaintiff['s] children and the prosecution of the plaintiff thereafter violated the plaintiff's rights secured to him by the constitution under 42 U.S.C. [§] 1983." *Id.* at 18. Thomas also alleges that employees of ACS and the NYPD illegally entered and searched his home without his consent, in violation of his Fourth and Fourteenth Amendment rights. Finally, Thomas alleges he was never served with a Temporary Order of Protection issued by Judge Weinstein in the Family Court on December 10, 2010 until a year after that date.

DISCUSSION

A.   *Standard of Review*

In reviewing the complaint, I am mindful that Thomas is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 677-79). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Furthermore, I am required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B.   *Section 1983*

>Section 1983 provides in pertinent part:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984).

Furthermore, the statute of limitations for a Section 1983 action arising in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). In most cases, a cause of action under section 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, Thomas was aware that his children were removed on November 12, 2010, December 16, 2010, and December 15, 2011 – and therefore the statute of limitations began to run on Thomas's claim based on the removal of his children at that time. *Id*. Thomas did not commence this action until June 3, 2015, well after the three-year statute of limitations had elapsed. The only events that occurred within the three-year statute of limitations do not give rise to a constitutional violation, *i.e.*, the return of the children

4

to Thomas's custody on July 26, 2012 and June 24, 2013 and the dismissal of the neglect petition on March 20, 2014. *See* Compl. at 10-11. The statute of limitations may be tolled if a plaintiff can show due diligence and that he was "under a disability because of infancy or insanity at the time the cause of action accrue[d]," N.Y. C.P.L.R. § 208, or that he "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007).

At present, Thomas's complaint does not suggest a basis for equitable tolling, and thus Thomas's Section 1983 claim relating to these events is time-barred. In light of Thomas's *pro se* status, I grant him an opportunity to explain why his complaint should not be dismissed as time-barred by the statute of limitations and to amend his complaint to include allegations, if any, that would justify equitable tolling of the statute of limitations. *See, e.g.*, *Abbas*, 480 F.3d at 642. "The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim 'have ceased to be operational.'" *Id*. (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 569 (3d Dep't 2005)). "If a plaintiff cannot 'articulate[ ] any acts by defendants that prevented [him] from timely commencing suit' then he has 'failed to meet [his] burden . . . .'" *Id.*

CONCLUSION

For the reasons set forth above, I grant Thomas leave to file an amended complaint. If Thomas elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 15-CV-3236 (JG)(CLP). The amended complaint shall completely replace the original complaint so Thomas must include all the allegations in the original complaint and also include additional allegations to support equitable tolling of the

three-year statute of limitations period.  All further proceedings shall be stayed for 30 days or until Thomas has complied with this Order.

If Thomas fails to file an amended complaint within the time allowed, the action shall be dismissed as time-barred and the Clerk shall enter judgment.  If filed, the amended complaint shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

Dated: August 17, 2015　　　　　　　　　　　　　　　John Gleeson, U.S.D.J.
　　　　Brooklyn, New York