```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DERMONT THOMAS,<br><br>           Plaintiff,<br><br>  - versus -<br><br>THE CITY OF NEW YORK, THE DEPARTMENT OF EDUCATION, GINA DIGGLIO, THE ADMINISTRATION FOR CHILDREN SERVICES, CATHY CHIOU, CHARMAINE CORT, V. GRANT, KIER MCAULY, ESQ., MICHEAL D. CARDOZO, ESQ., NEW YORK CITY POLICE DEPARTMENT, JOHN DOE P.O., and JOHN DOE P.O.,<br><br>           Defendants. | MEMORANDUM<br>AND ORDER<br>15-CV-3236 (JG)(CLP) |

JOHN GLEESON, United States District Judge:

  On June 3, 2015, Dermont Thomas, appearing *pro se*, filed this action challenging the removal of his children from his custody. He claims that the removal violated his civil rights. On August 17, 2015, I granted Thomas's request to proceed *in forma pauperis* and directed him to file an amended complaint. On September 18, 2015, Thomas filed an amended complaint.

## BACKGROUND

  Thomas alleges that on November 12, 2010, Gina Digglio, a guidance counselor at P.S. 196, filed a neglect complaint against Thomas with the Administration for Children's Services ("ACS"). Am. Compl., ECF No. 5, at 1; *id.* at Ex. A. Later that evening, Charmaine Cort and V. Grant of ACS "illegally entered" Thomas's home in response to the neglect report and called the police. *Id.* at 2. Two identified police officers arrived ten minutes later and removed five children from the home. *Id.* Thomas alleges that the children were taken to Bellevue Hospital, strip-searched, and then placed in foster care. *Id.*

On December 10, 2010, three of the children were returned to Thomas and their mother pursuant to a Family Court order. *Id.* On December 15, 2010, the Family Court directed that the three children again be removed from the home. *Id.* A year later, ACS agents removed Thomas's newborn infant from Woodhull Hospital pursuant to a Family Court order. *Id.* at 3. On July 26, 2012, the Family Court ordered the three older children to be returned to Thomas and their mother. *Id.* at 4. On June 20, 2013, the Family Court ordered the three younger children to be returned to their parents. *Id.* On March 20, 2014, the Family Court dismissed the ACS petitions against Thomas and the children's mother. *Id.* at 4; *see also id.* at Ex. I.[1]

## DISCUSSION

A. *Standard of Review*

In reviewing the amended complaint, I am mindful that Thomas is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Thomas states the Family Court dismissed the neglect petition on March 20, 2015, but this appears to be a typographical error. The court documents reflect March 20, 2014 as the correct date. *See* Am. Compl. at Ex. I.

At the pleading stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* Furthermore, I am required to dismiss a complaint filed *in forma pauperis* if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, a court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

B.   *Amended Complaint*

I directed Thomas to file an amended complaint in an effort to make an early determination of whether the statute of limitations bars this action from proceeding. I liberally construed plaintiff's complaint as arising under 42 U.S.C. § 1983, and the statute of limitations for a § 1983 action in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). In most cases, a cause of action under § 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (quotation marks omitted). Here, Thomas was aware that his children were removed on November 12, 2010 and December 15, 2010. Therefore, the statute of limitations began to run on Thomas's claims based on the removal of his children on those dates. *See Pearl*, 296 F.3d at 89.

In his amended complaint, Thomas argues that equitable tolling applies to his claims because the Family Court case was pending in 2010, and the statute of limitations restarted once it was dismissed on March 20, 2014. In support, he includes a copy of the order issued in the state court lawsuit he filed in 2011, which dismissed the case because the Family Court proceeding was still pending. *See* Am. Compl. at 10; *id.* at Ex. K; *see also Roach v. Clark*, No. 15-CV-0408, 2015 WL 4067504, at *12 (N.D.N.Y. July 2, 2015) ("Even if the court found that the action for damages against the caseworkers could proceed, the case would not be able to proceed while the Family Court action is pending.").

Accordingly, I will allow Thomas's complaint against Digglio, Chiou, Cort, Grant, and the unidentified police officers based on the allegedly unlawful removal of his children to proceed. However, the claims against the remaining defendants are dismissed as set forth below.

C.  *City of New York and Agencies*

In order to state a claim for relief under § 1983 against a municipal defendant, a plaintiff must allege the existence of an officially-adopted policy or custom that caused injury *as well as* a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard . . . ."); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C.

4

§ 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom policy of practice of the municipality."). A single incident is insufficient to raise an inference of the existence of a custom, policy, or practice, as is a mere recitation of a failure to train municipal employees. *See, e.g.*, *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Hartnagel v. City of New York*, No. 10-CV-5637, 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012). Here, Thomas does not allege, and nothing in his amended complaint suggests, that the allegedly wrongful acts or omissions on the part of any City of New York ("City") employee are attributable to a municipal policy or custom. Rather, he relies on conclusory allegations in order to establish the City's liability. *See* Am. Compl. at 12-13, 16-17, 19-21, 35. For this reason, the claims against the City are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

Furthermore, § 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. That provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is not a suable entity); *Worrell v. City of New York*, No. 12-CV-6151 (MKB), 2014 WL 1224257, at *3 (E.D.N.Y. Mar. 24, 2014) (ACS is not a suable entity). For this reason, the claims against the Department of Education, ACS, and the New York City Police Department are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

5

D.  *Attorneys*

Thomas also alleges claims against Kier McAuly, an attorney employed by ACS, and Micheal D. Cardozo, who served as Corporation Counsel for the City of New York at the time of the events giving rise to Thomas's claims.

Defendant McAuly is entitled to absolute immunity for his conduct in prosecuting the child abuse allegations on behalf of ACS.  *See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  A plaintiff may not seek monetary relief from a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).

As for Cardozo, the United States Supreme Court has held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and it has rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution."  *Iqbal*, 556 U.S. at 676.  Since the claim against this supervisor defendant, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the claims against Cardozo are dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

In addition, Thomas does not provide any facts to show that Cardozo was personally involved in the alleged events.  A § 1983 plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation.  "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).  Thomas fails to make any

allegations against Cardozo that could suggest he had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. *Farrell*, 449 F.3d at 484. A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order).

CONCLUSION

For the reasons set forth above, I hereby dismiss the claims, filed *in forma pauperis*, as to the City, the Department of Education, ACS, the New York City Police Department, McAuly, and Cardozo pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

However, the amended complaint shall proceed against Digglio, Chiou, Cort, Grant, and two Doe police officers. The Clerk of Court is respectfully directed to issue a summons against those defendants, and the United States Marshal Service is directed to effect service of process without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

As to the unidentified police officers allegedly involved in the removal of Thomas's children, the United States Marshals Service will not be able to serve the Doe defendants without further identifying information. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full name of the individuals whom Thomas has identified as two John Doe police officers and to provide the addresses where

7

these defendants can be served within 45 days from the date of this order. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Thomas may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. Once this information is provided, Thomas's complaint shall be deemed amended to reflect the full name and badge number of these officers, an amended summons shall be issued, and the Court shall direct service on these defendants.

The case is referred to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for pretrial supervision, including the identification of the Doe defendants. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 22, 2015
      Brooklyn, New York